## POLLARD *v.* THE STATE OF IOWA.

Section 2582 of the Code, was intended to cover those cases of defilement in which there is no force, except that which is constructive, and in which the act is accomplished principally by menace or duress, acting to subdue the will.

The offence consists in doing the act against the will of the other person, with force, menace, or duress.

The offence differs but little, if any, from rape, and embraces those acts in relation to which it is sometimes doubtful whether they constitute the crime of rape.

The nature of the case, does not call for affirmative evidence of *consent*, on the part of the defendant, but evidence of *dissent* and *repulsion*, on the part of the state; or, in other words, the defendant, in order that he may be held not guilty, is not obliged to show an affirmative act of consent.

It is within the province of the court, to instruct the jury whether the facts proved, if believed, *constitute* the offence charged.

*Error to the Jones District Court.*

THIS is an indictment for forcible defilement, under section 2582 of the Code, containing two counts, the first of which reads as follows: "The grand jurors, duly elected, impanneled, charged, and sworn, within and for the body of said county, in the name and by the authority of the state of Iowa, upon their oaths present, that one Charles E. Pollard, late of said county, on the 31st of day of August, 1854, at the county of Jones aforesaid, did take one Samanthy Eustatia Hakes, unlawfully, and against her will, and by force and menace, and duress, compel her, the said Samanthy Eustatia Hakes, to be defiled; and did then and there lay hold of her, the said Samanthy Eustatia Hakes, and with both his hands held her, the said Samanthy Eustatia Hakes, upon a bed,

and did then and there force, ravish, and have carnal knowledge of her, the said Samanthy Eustatia Hakes; and her, the said Samanthy Eustatia Hakes, in manner and form aforesaid, did then and there defile, contrary to the provisions of the Code of Iowa, in such case made and provided, and against the peace and dignity of the state of Iowa." To this indictment, the defendant pleaded not guilty.

On the trial, the only witness called by the state, was the said Samanthy Eustatia Hakes, who testified as follows: That at the time charged, she was about twelve and a half years old; that on the last day of August, 1854, she attended the wedding of her brother, and went home, near evening, with the defendant and his wife, who is her sister; that he lived in Jones county; that at night, she went to bed in the same room with the defendant and his wife; that her bed was about ten or twelve feet from that of the defendant and his wife; that during the night, she was awakened by the defendant, who had got in bed with her, and had his arm on her shoulder, and was in the act of sexual intercourse with her; that she was awakened by the pleasure of sexual enjoyment, and suffered no pain; that she told the defendant to go away; that he told her to keep still—he would not hurt her; that that was all she said or did; that she did not consent; and that she made no outcry, and made no resistance." When asked the question, whether the defendant used any more force, than any man would in having sexual intercourse with his wife, the same witness answered as follows: "That she supposed not; that she could have awakened her sister, by calling her; that, on a subsequent occasion, the defendant offered to do the same thing, when she called to her sister, and he desisted; that her mother is dead, and her father lives in California; that she did not commence this prosecution, and did not desire it to be commenced, nor did she desire it to be prosecuted now; and that she had been brought to this trial by compulsory process." The defendant offered no evidence. The court, at the request of the state, charged the jury as follows:

"1. That if the jury believe, from the evidence, that the

prosecuting witness was asleep, when the defendant went to bed to her, and that when she awoke, the defendant was in the very act of having sexual intercourse with her, it is a circumstance to be considered in making up their minds as to whether there was any consent on her part.

"2. That no particular amount of force is necessary to make out the offence; if the act was done against the will of the woman, then there was force and duress, in contemplation of law."

To these instructions, the defendant excepted, and asked the court to instruct the jury as follows: "That if the jury believe, from the evidence, that the defendant went to bed with the woman whom he is charged to have defiled, and she said nothing to him, except to go away, and he replied, "be still—he would do her no harm;" and he put his arms around her, and had sexual intercourse with her; and that there were other persons in the same room, whom she might have awoke by simply making a noise, and she made no noise, and no resistance, the defendant is not guilty, and the jury ought to acquit," which instruction the court refused to give, and the defendant excepted. The defendant having been found guilty, moved for a new trial, for the reason that the facts as proved do not constitute the offence charged, which motion was overruled, and the defendant sentenced to imprisonment in the penitentiary for the term of one year, and to pay a fine of two hundred dollars and costs. The giving and refusing the instructions above set forth, and overruling the motion for a new trial, are assigned for error.

*Whitaker & Grant*, for the plaintiff in error.

*D. C. Cloud*, attorney-general, for the state.

WOODWARD, J.—However reluctant the court may be, to express an opinion which permits one who has been guilty of an offence, and has violated all sense of decency, to go free, and that, too, when he may have committed an offence greater in its degree than that with which he is charged, yet it would be a violation of our duty, to permit him to be

punished for an offence, of which he has not been proved guilty, or to be punished for one offence, because he has been guilty of another.

We think the defendant should have had a new trial. The offence charged, lies in doing the act, "against the will" of the other person, with force, menace, or duress. It is true, that no particular amount of force is necessary to constitute the offence, and the section, 2582 of the Code, was probably intended to cover those cases, in which there is no force, except that which is constructive, and in which the act is accomplished, principally, by menace or duress, acting to subdue the will; but it contemplates, at least, an act against the will. If the will is subdued to submission, by menace or duress, the act is still against the will, in every fair sense; and just such a case is provided for in this section of the Code. But, in order that the defendant may be held not guilty, he is not obliged to show an affirmative act of consent, as is implied in the first instruction, asked by the prosecution, and given. That tells the jury, that if they believe the girl was asleep when the defendant came to her, that is a circumstance to be considered in making up their minds, whether there was any consent on her part. The nature of the case does not call for affirmative evidence of consent, on the one side, but of dissent and repulsion on the other. It would be difficult to conceive of a case of a female, not yet abandoned, affording less evidence of dissent, or more negative evidence of assent; and the negative evidence, in such a matter, is all important.

The fact of the girl being asleep, if believed to be a fact, is a circumstance, it is true, but one of very little or no moment, unless there were some manifestations of dissent, when she awoke. It is just as consistent with willingness, as with unwillingness, and takes its character from the subsequent events. Adultery, or seduction, would seem to be more nearly reached by the proof, than forcible defilement. The defendant should have had a new trial, and the court should have given the instruction asked by him. It is within the province of the court to instruct the jury,

whether the facts proved, if believed, constitute the offence charged. This is often done, in one form or another, as in murder, larceny, &c., by instructing, whether certain facts make the offence, or come within the definition. Such are instructions upon what is a breaking, in burglary; what a deadly weapon; and what a taking and carrying away.

Judgment reversed.