THE STATE V. MONTGOMERY.

1. **Forcible Defilement**: INDICTMENT: DUPLICITY. An indictment which charges that the defendant " did wilfully, unlawfully and feloniously take one S., unlawfully and against her will, and, by force and menace and duress, compelled her, the said S., to be defiled, and then and there laid hold of her, the said S., with his hands, and held her upon the ground, and did then and there force, ravish and have carnal knowledge of her, the said S., and in the manner and form aforesaid did then and there defile her," is good as an indictment for forcible defilement, under section 3862 of the Code, and is not vulnerable to the objection that it also charges the crime of rape.

2. ————: EVIDENCE TO SUSTAIN VERDICT: CORROBORATION. The evidence in this case considered (see opinion) and *held* sufficient to sustain a verdict of guilty of forcible defilement, as against the objection that the prosecutrix consented to all that was done. It was not necessary that she be corroborated in order to justify a verdict of guilty. (See *State v. Grossheim*, ante, p. 75.)

3. ————: EVIDENCE AS TO BODY OF CRIME. In such case a witness was properly permitted to testify that he examined the clothing worn by the prosecutrix at the time the offense was committed, and that he found certain stains thereon indicating that sexual intercourse had been attempted or accomplished. (*State v. Stowell*, 60 Iowa, 538, and *State v. Painter*, 50 Iowa, 319, *distinguished*.)

*Appeal from Cedar District Court.*—HON. J. H. PRESTON, Judge.

FILED, MAY 9, 1890.

THE defendant was convicted of the crime of forcible defilement, and adjudged to be imprisoned to the penitentiary at Anamosa, at hard labor, for the period of three years. From that judgment he appeals.

*Wheeler & Moffitt*, for appellant.

*John Y. Stone*, Attorney General, and *Robert G. Cousins*, for the State.

ROBINSON, J.—The parts of the indictment necessary to an understanding of the questions presented for our determination are as follows: "The grand jury of the state of Iowa, within and for the county of Cedar, * * * in the name and by the authority of the state of Iowa, upon their oaths do aver, find and present that George Montgomery, at and within said county, on the thirteenth day of August, A. D. 1889, did wilfully, unlawfully and feloniously take one Sophia Wheelock, unlawfully and against her will, and, by force and menace and duress, compelled her, the said Sophia Wheelock, to be defiled, and then and there laid hold of her, the said Sophia Wheelock, with his hands, and held her upon the ground, and did then and there force, ravish and have carnal knowledge of her, the said Sophia Wheelock, in the manner and form aforesaid did then and there defile her, contrary to the statutes of Iowa."

I.  The appellant insists that the indictment is bad for duplicity, in that it charges defendant with the

1. FORCIBLE defilement: indictment: duplicity.

crimes of forcible defilement and rape. The two offenses are much alike when the person guilty of forcible defilement has carnal knowledge of the female.  In such cases the difference is largely in the degree of force required to perpetrate the crime, and in the resistance thereto.  A person is guilty of rape if he "ravish and carnally know any female of the age of thirteen years or more by force and against her will."  Code, sec. 3861.  He is guilty of forcible defilement if he "take any woman unlawfully and against her will, and, by force, menace or duress, compel her * * * to be defiled."  Code, sec. 3862.  In each case the act must be unlawful and against the will of the female. In case of rape, it must be accomplished by force, and in case of forcible defilement "by force, menace or duress."  The words "ravish and carnally know," used to define "rape," are not used to define "forcible defilement;" but to defile may mean " to pollute," "to corrupt the chastity of," " to debauch" or " to violate."

The State v. Montgomery.

Webst. Dict. "Violate" and "force" are synonymous with "ravish." Code, sec. 3862. By referring to the indictment, we find words used which would be proper in charging the crime of rape, but they also express elements of the crime of forcible defilement, and to some extent describe the means by which it was accomplished in this case. The indictment, considered as an entirety, clearly shows an intent to charge the offense last named, and is not, therefore, vulnerable to the objection made.

II. The appellant asks a reversal of the judgment of the district court on the ground that the evidence was **2. ——: evidence to sustain verdict: corroboration.** not sufficient to sustain the verdict. It appears that appellant was a merchant engaged in business at Big Rock; that, about two weeks before the commission of the offense charged, the prosecutrix called at his place of business to purchase a few articles of merchandise; that she had never seen defendant before, was sixteen years of age, uneducated, without knowledge of men, and of a mental development much less than the average of girls of her age; that she was accompanied by a brother, who was induced by defendant to leave the store; that the defendant was alone with the prosecutrix, and indulged in improper conduct towards her, but failed to have sexual intercourse; that he told her he would visit her at her home; that about two weeks later he rode to her father's place in a creamery wagon, and while the mother of the prosecutrix was engaged in conversation with the driver of the wagon, in front of the house, the defendant induced prosecutrix to go with him through a strip of corn to some stacks twenty-four rods back of the house; that he pulled her through the corn-field, having hold of one hand; that she tried to pull away from him, but made no outcry, although within hearing of her mother and others; that when the stacks were reached he drew her between them, pushed her down, and by using some force had carnal knowledge of her; that she made no outcry and offered but little resistance; that her mother

reached the stacks and discovered the sexual intercourse before it was completed; that she upbraided defendant, and charged him with improper conduct, in the presence of the driver of the wagon, in consequence of which the latter refused to allow him to ride further. Appellant contends that the evidence shows that whatever he did was done with the consent of the prosecutrix; that she knew of his conduct in his place of business; knew that he was intending to visit her; and that she agreed to all that was done. He denies having had sexual intercourse with her, but is contradicted by so great a weight of evidence that there is no doubt that his denial is false. The testimony of the prosecutrix as to her resistance and the force used by defendant to accomplish his purpose is not corroborated, but such corroboration was not required. See *State v. Grossheim, ante,* p. 75. The jury were authorized to believe her statement as to her resistance and the force used by defendant, and that he accomplished his purpose against her will. In our opinion, the evidence is ample to sustain the verdict. See *Pollard v. State,* 2 Iowa, 570.

III. A witness was permitted to testify that he examined the clothing worn by the prosecutrix at the time the offense was committed and found certain stains thereon. Appellant complains of the admission of that testimony. It is true the stains were not very fully described; but the evidence was admitted for the purpose of showing that sexual intercourse had been attempted or accomplished, and the stains were understood to be of that character. If they were not, the fact could have been shown on cross-examination. The evidence was not offered to show that defendant was the one who committed the crime in question, but as tending to show that the crime had in fact been committed; and for that purpose, we think, it was competent. The cases of *State v. Stowell,* 60 Iowa, 538, and *State v. Painter,* 50 Iowa, 319, are not in conflict with the conclusion we have reached.

IV. Objection is made to some of the instructions given to the jury. In addition to what we have already said, it is only necessary to say that we have examined the instructions with care, and do not find them erroneous as applied to the facts in this case. The judgment of the district court is AFFIRMED.