THE STATE OF IOWA, Appellant, v. P. A. FERNALD *et al.*, Appellees.

1. Forcible Defilement: EVIDENCE. On a trial for compelling a woman to be defiled against her will, contrary to section 3862 of the Code, the evidence showed that the defendant F. had been criminally intimate with the woman, and that he and the defendant B. had arranged that the latter should discover F. and the woman in the act of sexual intercourse at a certain time and place, and that B. should then exact, as the price of his silence, that the woman should allow him to have sexual intercourse with her; that this plan was carried into effect by the defendants, but that the woman refused at first to have intercourse with B., but finally was induced, by his threats of exposure, to yield to his embrace. *Held*, that the evidence was sufficient to sustain a verdict of guilty against both of the defendants, and that it was error for the court to take the case from the jury on the ground that there was no evidence of the crime charged.

2. ——: PREVIOUS CHASTITY NOT ESSENTIAL. It is not necessary that a woman be of previously chaste character in order that she may be forcibly defiled, under section 3862 of the Code.

*Appeal from Washington District Court.*—HON. A. R. DEWEY, Judge.

THURSDAY, MAY 25, 1893.

THE defendants were indicted and put on trial for the crime "of compelling a woman to be defiled against her will." After the state rested, the defendants moved to take the case from the jury, and that they be discharged, "for the reason that all the testimony on the part of the state does not constitute the crime charged in the indictment." This motion was sustained, and the state appeals.—*Reversed.*

*John Y. Stone,* Attorney General, *C. J. Wilson,* County Attorney, and *H. Scofield,* for the State.

*H. M. Eicher, J. F. Henderson* and *G. A. Ewing,* for appellees.

GIVEN, J.—I. The question presented is whether the court erred in sustaining the defendants' motion.

1. FORCIBLE de-filement: evi-dence.

To determine this we must first inquire what the charge is, and then whether there is evidence to support it.

The indictment accuses the defendants "of the crime of compelling a woman to be defiled against her will," and charges the crime to have been committed as follows: "The said P. A. Fernald and A. W. Brown, on or about the twenty-fourth day of July, in the year of our Lord one thousand, eight hundred and ninety, in the county of Washington, and state of Iowa, did unlawfully and feloniously and against her will take one Etta Jones, she being a female woman, and by force, menace, and duress compel her, the said Etta Jones, to be defiled by him, the said A. W. Brown, and said P. A. Fernald; and A. W. Brown did then and there unlawfully and' feloniously, by force and menace, threaten her, the said Etta Jones, that unless she would surrender up her person to the said A. W. Brown, and be by him defiled and carnally known, he, the said A. W. Brown, would circulate defamatory and scandalous reports, charges, and stories of and concerning her, the

said Etta Jones, and by force, menace, and duress, did put Etta Jones in fear, and against her will feloniously and unlawfully did then and there compel her, the said Etta Jones, to be defiled and carnally known."

Section 3862 of the Code is as follows: "If any person take any woman unlawfully and against her will, and by force, menace, or duress compel her to marry him or any other person, or to be defiled, he shall be fined," etc.   It is suggested on behalf of the appellant that this indictment charges the crime of malicious threats to compel the person threatened to do an act against her will, under section 3871 of the Code.   It is not charged that the threats were maliciously made, and for this and other reasons we conclude that the charge is not under section 3871, but is based upon section 3862.   The evidence consists of admissions made by the defendants and the testimony of Etta Jones.   It shows that for some time previous to the time it is alleged this offense was committed the defendant Fernald, an unmarried man, was keeping company with Etta Jones, then a young and inexperienced girl, and that their association led to criminal intimacy.   Fernald boasted to Brown, a married man, of this criminal relation with Etta Jones, and, Brown expressing doubts as to the truth of his statements, it was agreed between them that Fernald would take Etta Jones to a certain place on a certain evening; that Brown should come upon them while they were in the act of sexual intercourse; that Fernald would pretend to attempt to buy his silence with money, and that Brown should insist as the only condition upon which he would not tell what he had seen that Etta Jones allow him to have sexual intercourse with her.   The subsequent statements of the defendants not only show this agreement between them, but also that it was fully carried out by them.   Etta Jones testified that when Brown came upon them he said "Hello;" that Fernald offered him ten dollars not

to tell; that they two talked together twice, a short distance from her; that she did not hear what was said; that Fernald came and told her that if she did not let Brown have sexual intercourse with her he would tell on her; that the second time Brown came with Fernald; that she cried, and said, "Oh, please don't;" that Fernald pushed her down, and pulled up her clothes, and Brown got on her, and had sexual intercourse with her, and that she believed unless she yielded Brown would tell on her.

There can be no question but that, if the crime charged was committed, the defendants are alike guilty, as what was done was in pursuance of the agreement between them, and was participated in by both. If they took Etta Jones unlawfully and against her will, and by force, menace, or duress compelled her to be defiled, they are guilty of the crime charged. In *Beyer v. People*, 86 N. Y. 370, the defendant was indicted under a statute substantially the same as our section, 3862. The defendant took the prosecutrix to a house of prostitution for the purpose of her defilement, under the pretense to her that he had procured her a situation as a servant in a respectable family. It was held that the woman was taken unlawfully and against her will. In this case, as in that, the prosecutrix was ignorant of the purpose for which she was taken, hence it was against her will; and, the purpose being her defilement, the taking was unlawful. The evidence certainly tends to show that Etta Jones was compelled to submit to the embraces of Brown by his threats to publish her criminal relations with Fernald if not so indulged. In *Pollard v. State*, 2 Iowa, 567, in construing section 2582 of the Code of 1851, which is identical with said section 3862, this court said: "It is true that no particular amount of force is necessary to constitute the offense, and the section 2582 of the Code was probably intended to cover those cases in which there is no force,

except that which is constructive, and in which the act is accomplished principally by menace or duress, acting to subdue the will; but it contemplates at least an act against the will. If the will is subdued to submission by menace or duress, the act is still against the will, in every fair sense, and just such a case is provided for in this section of the Code." It was by the threat to disclose her conduct with Fernald that the will of Etta Jones was subdued. It was that menace that caused her to submit to Brown. The act, therefore, was not voluntary, but against her will.

II. We infer from the record that the defendants' motion was sustained upon the ground that there was

2. ——: previous no defilement; that "defilement," as used chastity not essential. in the statute, means to make impure and unclean that which is pure and clean, to corrupt the chastity of the chaste and virtuous; or, in other words, that previous chaste character is an element in the crime charged, and that Etta Jones being unchaste, there was no defilement. We think this is an erroneous view of the law. The statute does not make previous chaste character an element in this offense, as in seduction. The statute is the same in this respect as that defining rape. The two crimes are kindred, for that in both the act must be against the will of the woman. The courts have uniformly held that women, however abandoned, are within the protection of the law punishing rape. Her want of chastity is no license to the vicious to ravish and carnally know her by force and against her will, nor should it be to gain her consent by menace or duress. The reason for the rule is alike applicable to both crimes. To hold otherwise is to encourage just such outrages as that charged in this case. Among the definitions of the word "defile" given by Webster is the following: "To corrupt the chastity of; to debauch; to violate." Surely there is evidence that this girl was debauched and violated in a most debasing

manner. Absolute purity or cleanliness is not the basis of defilement in any of the definitions. That which is already impure or unclean may be defiled by making more impure or unclean. Under Revised Statutes, 1889, section 3487, of the state of Missouri, making it an offense for an employer to defile a girl under eighteen years of age while in his employ, it was held that the criminality of the act did not depend upon the character or reputation of the female defiled, as in prosecutions for seduction; that the crime consisted in the act of defilement; and that evidence of other engagements for illicit purposes was no defense or excuse. *State v. Rogers*, (Mo. Sup.) 18 S. W. Rep. 976. In that case, as in this, it was the act of defilement that constituted the crime, and it was held that a want of chastity was no defense. To hold that the protection of section 3862 only extends to the chaste and virtuous would be to leave the unfortunate victims of the seducer without its protection, while their fault or misfortune has placed them where they, of all others, need just such protection.

We think the case should have been submitted to the jury, and that the court erred in sustaining the defendants' motion. REVERSED.