STATE OF IOWA v. FRANK J. HROMADKO, Appellant.

Forcible Defilement: INDICTMENT: ESSENTIAL ELEMENTS. An indictment for forcible defilement must allege the taking to have been unlawful and against the woman's will.

*Appeal from Linn District Court.*—HON. H. M. REMLEY, Judge.

TUESDAY, MAY 3, 1904.

THE defendant was convicted of the crime of forcible defilement and appeals.—*Reversed.*

*Tom H. Milner* for appellant.

*Chas. W. Mullan,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

LADD, J.—The indictment avers that the defendant "did then and there take and lay hold of one Mary Hromadko, and with his hands bodily laid her, the said Mary Hromadko, upon a bed, with intention her, the said Mary Hromadko,

then and there to carnally know and defile. And the said
Frank J. Hromadko did then and there unlawfully, and
against her will, by force, menace, duress, compel her, the
said Mary Hromadko, to be defiled by then and there and in
the manner aforesaid having sexual intercourse with and
carnal knowledge of the said Mary Hromadko; contrary to
and in violation of law." Appellant insists that this fails to
charge the crime of forcible defilement, in that it does not
allege the taking to have been unlawful and against the
woman's will. The statute under which the indictment was
returned reads: "If any person take any woman unlawfully
and against her will, and by force, menace or duress compel
her to marry him or any other person, or to be defiled, he
shall be fined not exceeding $1,000 and imprisoned in the
penitentiary not exceeding ten years. No person shall be
convicted under the provisions of this section unless the evi-
dence of the prosecuting witness be corroborated by other evi-
dence, tending to connect the defendant with the commission
of the crime." It is to be noticed that the taking must be
unlawful, and, second, against the woman's will, and, third,
that the defilement must be compelled by force, menace, or
duress. "To take," in the active sense, means "to lay hold
of; seize with hands or otherwise"; and, as employed in this
statute, "to obtain possession by force or artifice; to get the
custody or control of; to reduce to one's power of will." Un-
der the statute such taking is as essential to constitute the
crime as the defilement of the person. The indictment, while
it alleges the taking, wholly omits to charge that it was un-
lawful, or against the will of the prosecutrix. It leaves out
two essential elements of the crime, but specifically charges
the third. So far as the allegations of the indictment are
concerned, the prosecutrix may have been taken by her re-
quest. The offense, when the defilement consists in having
sexual intercourse, closely resembles that of rape, defined
in the statute to be the ravishment and carnal knowledge "of
any female of the age of fifteen years or more by force and
against her will." Section 4756, Code. But it differs from

rape in that there must be (1) an unlawful taking, and this (2) against the woman's will, while in rape the matter of taking is not material, and need not be alleged. Again, to constitute rape, carnal knowledge is essential, while any defilement of the person would be sufficient under the statute quoted. Moreover, the same strictness in the proof with respect to the exertion of force, menace, or duress and absence of acquiescence, as in the crime of rape, is not required. *Pollard v. State,* 2 Iowa, 567; *State v. Montgomery,* 79 Iowa, 737; *State v. Fernald,* 88 Iowa, 553. In the last case the necessity of proof of an unlawful taking against the will was recognized. The same is true of *Beyer v. People,* 86 N. Y. 369. *Krambiel v. Commonwealth,* 84 Ky. 685 (2 S. W. Rep. 555), is precisely in point.

The statute is somewhat analogous to those of different states denouncing abduction, usually defined as the unlawful taking, against the will, for an immoral purpose. In forcible, or, as it is sometimes denominated, compulsory, defilement, there must be the same kind of taking, and the actual defilement is substituted for the intent to do wrong. In abduction the taking is the essence of the offense, and there is no ground for eliminating it from this statute, nor saying that it may not be of a kind (unlawful, and against the woman's will) included in the definition of the crime for which defendant was put on trial. The indictment may have charged the commission of rape, but the trial was not for that offense. Not only did the indictment omit essential elements of the crime, but these were entirely ignored in the instructions to the jury. The cause is reversed, and remanded for such action as may be appropriate in the district court.— REVERSED.