[Crim. No. 2287. First Dist., Div. Two. July 12, 1944.]

THE PEOPLE, Respondent, v. RAY NEAL, Appellant.

Nathan C. Coghlan for Appellant.

Robert W. Kenny, Attorney General, and Ralph W. Scott, Deputy Attorney General, for Respondent.

STURTEVANT, J.—The district attorney filed informations against three defendants, Ray Neal, Robert Sams, and Louis May. In each of the informations each defendant was accused of five different offenses. Three counts were accusations of rape, section 261 of the Penal Code, one was an accusation of contributing to the delinquency of a minor, section 702 of the Welfare and Institutions Code, and one was an accusation of abduction for defilement, section 265 of the Penal Code. The charges against Neal and the charges against Sams were consolidated for the purposes of a trial. The jury returned five verdicts against the defendant Neal and he has appealed from the judgment.

The evidence demonstrated that one Janet McAngus, a previously married woman, seventeen years old, voluntarily, and apparently at her own solicitation, accompanied defendant and two friends to a bar on May 12, 1943. There is some dispute as to the amount of liquor consumed. Janet contended that they were not drunk. Some disturbance was created in the bar and Janet testified that Neal dragged her out by her hair. The boys testified that she did not wish to leave the bar because she wanted to continue drinking, but she was becoming noisy and they wanted to leave. They denied using force upon her.

Janet testified that she left the bar screaming and continued screaming as the car drove down Mission Street and into the Bayview hills. On cross-examination she admitted however that although the car traversed a populated area, apparently no attention was attracted by her screams. The boys deny she made any outcry whatever.

When they arrived at their destination in the hills, Sams and May, the other boys, left the car and Neal had intercourse with the complaining witness. Janet testified she was lying on the seat of the car; that the car doors were open; that she was dressed in slacks and one leg of the slacks was removed, and that her underpants were also removed but were not torn.

Neal then left the car and Sams returned and had intercourse with the witness. She testified she was disrobed and lying down when he entered the car.

Sams then left the car and May entered. He attempted to have intercourse but when Janet asked him to stop he did so.

The boys then drove Janet to the home of a boy friend of hers and waited until she was admitted. They then drove off. A week or so after the alleged offense she voluntarily went out with May.

Janet told no one what had occurred until about two weeks later and after Sams' wife and Neal's girl friend had quarreled with her. She then made a complaint.

■ In his first point the appellant contends that as to the fourth count in the information the court instructed the jury as follows:

"The defendants are each charged in the fourth count of the information against them with having violated Section 265 of the Penal Code. That section provides, so far as it is here involved, that every person who takes any woman unlawfully, against her will and by force, menace or duress, compels her to be defiled is punishable as provided by that section. I think that the section is self-explanatory by its terms and that further instruction with reference to its meaning is not necessary."

The appellant claims, "The jury were nowhere told that whereas in a rape case it is legally impossible for a female under the age of eighteen years to consent to the commission of the act charged, the crime described by Section 265 of the Penal Code could not be committed if the complaining witness were willing and consented to be conveyed by the defendants to the place where it is claimed she was raped. Nor were they informed, as we submit they ought to have been, that her previous unchastity might be material to the issues raised in such case." If appellant desired an instruction to that effect he should have asked for one. Omitting to do so he

waived the point. (*People* v. *Selk*, 46 Cal.App.2d 140 [115 P.2d 607].)

The prosecution called Joseph Glebmann, the proprietor of the saloon where the parties obtained their drinks. It is patent that he was called for the purpose of identifying some or all of said persons. It transpired he was a most voluble person. His testimony was not helpful either to the plaintiff or to the defendants. He volunteered that before the trial he was approached by a man and woman whom he designated as father and mother and who had asked him not to identify the persons who had been in his barroom. In his testimony he used the name N-e-a-l or N-e-i-l. The record does not show whether by that name he referred to the persons who approached him or to one of the defendants. The defendants now complain because said testimony was not stricken out. It is a sufficient answer to state that no motion was made to that effect.

While the witness Glebmann was on the stand and the district attorney was endeavoring to elicit his testimony, the district attorney made a remark to the effect that someone wanted to compound a felony or thwart justice. The appellant argues that said remark implied that the witness was in league with someone to defeat the identification of the accused. There are several answers. In the first place a reading of the transcript does not disclose that the remarks of the district attorney had any such meaning. Furthermore, if the remarks did have such meaning no objection was made, no ruling was asked for, and no ruling was made thereon. The incident mentioned did not under these circumstances constitute reversible error. (*People* v. *Giminiani*, 45 Cal. App.2d 535, 540 [114 P.2d 392].)

Louis May was called as a witness by the prosecution. He delineated the facts that transpired during the evening of May 12, 1943. The appellant complains because the trial court did not give an instruction to the effect that the testimony of an accomplice should be viewed with distrust. (Code Civ. Proc., § 2061, subd. 4.) However no such instruction was requested. Furthermore failure to comply with the provisions of section 2061, subd. 4, Code Civ. Proc., is not reversible error. (*People* v. *Wardrip*, 141 Cal. 229 [74 P. 744].)

While the witness May was on the stand he was shown

certain written statements which he had signed. Later those written statements were, on stipulation of the parties, read in evidence by the prosecution. The appellant claims said written statements were hearsay and that it was the duty of the trial court to inform the jury that such evidence was introduced solely for the purpose of impeachment. It is a sufficient reply to state no objection or motion was made in the trial court purporting to present the point.

█ It will be conceded that it is settled law in prosecutions for rape, whether it is asked or it is not asked, the trial court should give a cautionary instruction. (*People* v. *Adams,* 14 Cal.2d 154 [93 P.2d 146] ; *People* v. *Putnam,* 20 Cal.2d 885 [129 P.2d 367].) The appellant complains because one was not given in the instant case. To that complaint there are several answers. The court did, of its own motion, give a cautionary instruction which was as follows:

"It is further immaterial whether force was used or was not used by the defendants upon the complaining witness in order to have such act of sexual intercourse with the complaining witness.

"While it is the law that the testimony of the prosecutrix Janet McAngus should be carefully scanned by you, still this does not mean that her evidence alone is never sufficient to convict.

"If you believe the prosecutrix and are satisfied from all the evidence in the case beyond a reasonable doubt of the defendants' guilt, then you should so find.

"It is not essential to a conviction in this case as against either defendant that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular acts constituting the offense or offenses charged in the first count. It is sufficient if you believe from her evidence and all of the other testimony and circumstances or proof in the case beyond a reasonable doubt that the crimes therein charged have been committed." No other instruction was asked. An approved form of a cautionary instruction is set forth in *People* v. *Adams,* 14 Cal.2d 154, at page 164 [93 P.2d 146], as follows:

"That a charge of this nature is particularly difficult for a defendant to clear himself of. No charge can be more easily made, and none more difficult to disprove. From the

nature of the case, *the complaining witness and the defendant are generally the only witnesses*. The law does not require in this character of case that the prosecuting witness be supported by another witness or other corroborating circumstances, but does require that you examine her testimony with caution." (Italics ours.) However in the case at bar the facts were testified to by Janet, May, Sams and Neal. There were four witnesses. The facts therefore lent no foundation for the application of the rule. When the reason for a rule ceases, so should the rule. (Civ. Code, § 3510.) It follows that the error, if any, was not prejudicial. (*People* v. *Lucas,* 16 Cal.2d 178 [105 P.2d 102, 130 A.L.R. 1485].)

█ Not stated as a point, but merely in passing, the appellant complains that an instruction relating to the previous chastity of the prosecutrix was not given. No such request was made; and when, as here, we are considering the provisions of section 265 of the Penal Code such an instruction is not required. (*State* v. *Fernald,* 88 Iowa 553 [55 N.W. 534, 5].)

Mr. Coghlan, as attorney for the appellant, presented the case in this court but did not try the case in the trial court. He has presented a most painstaking brief. Among other cases he cites and relies on *People* v. *Ephraim,* 77 Cal.App. 29 [245 P. 769] and *People* v. *Gilliland,* 39 Cal.App.2d 250 [103 P.2d 179]. They are not helpful. In both cases a foundation was laid in the trial court by appropriate objections and motions. In the record before us there was neither objection nor motion and no ruling was made by the trial court on which the alleged errors are based.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.