[Crim. No. 3954.   Second Dist., Div. One.   Apr. 11, 1946.]

THE PEOPLE, Respondent, v. JACK JUSTMAN BRIDGES et al., Defendants; MICHAEL HADDY, Appellant.

Martin S. Ryan for Appellant.

Robert W. Kenny, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

DORAN, J.—Defendant and appellant was accused by information of the crime of burglary; nine counts were alleged. Found guilty by a jury of all counts, defendant appeals from the judgment and order denying a motion for a new trial.

It is urged on appeal that the evidence is insufficient to support the judgment and that the admission of certain evi-

dence was prejudicial error. With regard to the first mentioned contention it is argued that the testimony of an accomplice, upon which the prosecution relies, is not sufficiently corroborated. Briefly, the record reveals that one Jack Justman who was jointly charged as a defendant, pleaded guilty on the day of trial and testified for the plaintiff. Property from four of the burglaries was found in possession of appellant at the time of the arrest. As to another count, evidence of the presence of a car at the scene of the burglary similar to the one appellant was in when arrested, was introduced. It also appears that a comprehensive statement made by Justman to the arresting officers was recorded in shorthand and reduced to writing. This statement was read to appellant by the officers, after which appellant was asked, ''What do you think of it now, Mike?,'' to which appellant replied, ''I have nothing to say, that is his statement.'' Appellant's explanation regarding the possession of the stolen articles was in evidence.

Defendant and appellant offered no affirmative defense at the trial.

The corroboration was sufficient as a matter of law. The possession of the stolen articles in connection with some of the counts; the defendant's explanation as to their possession, if disbelieved, and the defendant's failure to deny guilt in such circumstances, amounted to sufficient corroboration. ''The commission of the offense and the circumstances thereof,'' referred to in section 1111 of the Penal Code, was definitely established by other evidence.

Corroborating evidence is sufficient if it, of itself tends to connect the defendant with the commission of the offense, although it is slight, and entitled, when standing by itself, to but little consideration. (*People* v. *McLean*, 84 Cal. 480 [24 P. 32]). See, also, *People* v. *Yeager*, 194 Cal. 452 [229 P. 40].

With regard to the second alleged error above mentioned, appellant contends that the admission in evidence of certain testimony of police Officer Healy was error. The testimony in question included the introduction in evidence of the statement of Justman hereinbefore referred to. Said statement was made by Justman shortly after the arrest of defendants and reduced to writing. It amounted to a complete confession and involved appellant in the alleged burglaries. It was then read to appellant in the presence of the

officers and Justman whereupon appellant was asked, as stated above, "What do you think of this now, Mike?" to which inquiry appellant replied, "I have nothing to say, that is his statement." It is well settled that the failure to deny an accusatory statement is a circumstance proper to consider in connection with the issue of guilt. The jury was fully instructed as to the limitation for which such evidence may be considered.

There are no prejudicial errors in the record. The judgment and order are affirmed.

York, P. J., and White, J., concurred.