[Crim. No. 2947. First Dist., Div. Two. Nov. 30, 1953.]

THE PEOPLE, Respondent, v. FREDDIE NATIONS, Appellant.

Freddie Nations, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Clayton R. Janssen, Deputy Attorney General, for Respondent.

NOURSE, P. J.—The defendant and appellant was tried to a jury on an information of six counts of burglary and one count based on the Dangerous Weapons Act. He was also charged with two prior felony convictions. He was acquitted on count one, convicted of burglary in the second degree on counts two, four, five and six; of burglary in the first degree on count three, convicted of a violation of the Weapons Act, and found guilty of the two prior convictions. He appeals from the judgment and from the order denying a new trial. He has elected to appear as his own attorney though this court has always been ready to assign him legal counsel.

One of the burglaries was found to have been made after dark. As to the others the proof was not clear. This accounts for the verdict of first degree burglary on count three. The evidence supporting the verdict is clear and requires merely a brief statement. The residents of the various homes burglarized testified to the unlawful taking and identified their property which was later found in defendant's possession. Police officers testified to their entry into defendant's hotel room where the goods taken were found in his possession. They also found two loaded pistols in his closet. The hotel proprietor identified defendant as the one who

rented and occupied the room, and also testified that the room had been rented by defendant under an assumed name. A witness testified that he and defendant jointly burglarized some of the homes listed. He also identified some of the stolen articles found in defendant's hotel room.

The evidence was sufficient to support the conviction in every respect. The only question remaining is whether asserted errors were prejudicial. We pass his complaint that he was tried by an "all white" jury, and that legal papers were taken from him without his consent as not worthy of comment.

The only debatable ground raised here is whether the testimony of the accomplice Rodriguez was corroborated. The possession of the stolen goods in the room rented and occupied by the defendant, his false statements to the arresting officers as to his residence in another part of town, the testimony of the accomplice stating where the goods had been taken and that of the owners identifying the same was sufficient. (See *People* v. *Bridges,* 73 Cal.App.2d 913 [167 P.2d 793] ; *People* v. *Sandelin,* 105 Cal.App.2d 179 [233 P.2d 147] ; *People* v. *Monteverde,* 111 Cal.App.2d 156 [244 P.2d 447].)

Defendant's statement to the police at the time of the arrest that he had the guns in his possession and could have used them if he had wished was sufficient evidence of possession.

His attempt to prove an alibi totally failed. He claimed that at the time of the several burglaries he was living at another place in the city. The place was a vacant lot.

Judgment and order affirmed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied December 15, 1953.