[Crim. No. 23859. Second Dist., Div. Four. Mar. 25, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
GARY DWIGHT STEVENS, Defendant and Appellant.

## COUNSEL

Gary Dwight Stevens, in pro. per., and Norman W. de Carteret, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Norman H. Sokolow and Bradley A. Stoutt, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DUNN, J.**—Defendant was charged with five counts of burglary and five counts of receiving stolen property.[1] Defendant pled "not guilty" but a jury found him guilty of four counts of burglary and one count of receiving stolen goods.[2] The court thereafter dismissed counts II, IV, VI, VIII and IX and sentenced defendant to state prison. He has appealed; we affirm.

Although cast in several ways, defendant's chief contentions in this court turn on his argument that the case against him rested on the testimony of an accomplice, that that testimony was not sufficiently corroborated and that the jury was not properly instructed as to the effect of accomplice testimony. For the reasons set forth below we conclude that the objections raised relate to matters either immaterial or nonprejudicial.

The police had arrested a 14-year-old boy, Brian Stober, for theft of a bicycle. During his interrogation, Stober confessed to a series of burglaries in which he stated that defendant had been involved.[3] Stober told the police that the proceeds of five of those burglaries were at defendant's place of residence. The fact of those burglaries was verified by the officers.[4] Following up on that information, police officers went to the residence in which defendant was a roomer. As they approached the front door, one officer was able to see, through a defectively closed door, that some articles corresponding to the loot of some of the described burglaries were in the garage. When defendant came to the door of the house and had identified himself, he was arrested. Officers accompanied him to his room while he changed from night clothes into street clothing. While in defendant's room, they saw other articles corresponding to additional proceeds of some of the reported burglaries.[5] Subsequently a search of the house and garage with

---

[1]The counts were alternative charges, involving five burglarious entries and thefts. The trial court instructed the jury that it could find defendant guilty, if at all, only on one of the two counts involving each burglary. That instruction was followed.

[2]The burglaries were counts I, III, V and VII, the receiving count being count X. The trial court instructed the jury that, as to counts I, III and V, the burglaries, if any, were in the second degree. The verdicts were in that form, with a finding that the burglary charged in count VII was in the first degree.

[3]It is not contended that those confessions were illegally or improperly obtained. Stober testified at the trial to the same effect as his statements to the police.

[4]Inquiry regarding the reported burglaries verified both the fact of the burglaries and the stealing of the articles reported by Stober to have been taken. The five victims testified to the same effect at the trial.

[5]When he dressed, defendant put on a watch which was part of the proceeds of one burglary; that watch was taken into police custody at the time of booking. No serious question is raised as to the validity of that seizure if the arrest was valid.

the consent of the landlady,[6] revealed additional proceeds and a search warrant search of defendant's room revealed more proceeds. At the trial, defendant testified that the various stolen articles had been left with him as security for a loan by a man named De Rosha, who had then gone "east." The trial court permitted a police officer to testify in rebuttal that, after defendant's arrest and prior to any *Miranda* warnings, defendant had stated that the various articles found by the police had been brought to him by Stober.[7]

## I

 Whether Stober was an accomplice or whether he was a "reliable" informant, his information, coupled with the verification of the burglaries reported by him, clearly justified the officers in going to defendant's residence to investigate further. When some of the reported loot ˙was seen, from a legal vantage point, through an existing opening, the officers had enough verification and corroboration to justify arresting defendant for some crime. (Cf., *People* v. *Berutko* (1969) 71 Cal.2d 84 [77 Cal.Rptr. 217, 453 P.2d 721].) Having arrested defendant, the entry by officers into his room while he dressed was lawful and the observation and seizure of articles then in plain sight was equally lawful. (*Lorenzana* v. *Superior Court* (1973) 9 Cal.3d 626, 634 [108 Cal.Rptr. 585, 511 P.2d 33].) The knowledge thus obtained justified the warrant authorizing a search of the room. It follows that the articles introduced in evidence were all validly obtained. That the arrest and the warrant was also partly based on Stober's information does not vitiate an arrest and a warrant otherwise supportable.

## II

 Assuming that Stober was an accomplice as a matter of law, despite defendant's denials of complicity, and that the trial court should have so instructed the jury, (the cases on which the Attorney General relies were cases in which the alleged accomplice was a codefendant, so that an instruction would have been prejudicial as to such codefendant; they are not in point here; cf: *People* v. *Valerio* (1970) 13 Cal.App.3d 912, 924 [92 Cal.Rptr. 82] and cases there cited), nevertheless, the trial court did

---

[6] It is not contended that that consent was involuntary or that she did not have authority to consent to search the house and garage excluding defendant's own room.

[7] Although defendant contends otherwise, we agree with the Attorney General that the officer's testimony was properly admitted to impeach defendant's in-court testimony. (*Harris* v. *New York* (1971) 401 U.S. 222 [28 L.Ed.2d 1, 91 S.Ct. 643].) Defendant argues that the trial court did not sufficiently instruct the jury that the testimony was admitted for that limited purpose. We conclude that, absent a request for a more specific instruction on that point (cf., *People* v. *Neal* (1944) 65 Cal.App. 2d 160, 164 [150 P.2d 13]) the instructions given were adequate.

instruct the jury as to the effect of, and limitations on, accomplice testimony. In view of the verdicts returned, the jury must have found that Stober was an accomplice; it cannot be inferred that it did not follow the instructions as given. The error was nonprejudicial.

## III

Apart from the Stober testimony, two facts connected defendant with the burglaries involved in counts I, III, V and VII, namely: (1) the possession by him of the proceeds of all five charged burglaries; and (2) his false statements as to his acquisition thereof.[8] (*People* v. *Spivak* (1959) 166 Cal. App.2d 796, 808-811 [334 P.2d 44].) The facts in Stober's testimony tending to connect defendant with the burglaries were all matters which might be true even if defendant were no more than a receiver. ▮ However, possession of recently stolen articles together with false statements as to their acquisition may support a finding of theft and, thus of burglary. (*People* v. *McFarland* (1962) 58 Cal.2d 748 [26 Cal.Rptr. 473, 376 P.2d 449]; *People* v. *Dickerson* (1969) 273 Cal.App.2d 645 [78 Cal.Rptr. 400]; *People* v. *Lanza* (1960) 186 Cal.App.2d 860, 863 [9 Cal.Rptr. 161]; *People* v. *Nations* (1953) 121 Cal.App.2d 595 [263 P.2d 619].) The falsity relied on by the prosecution tends to corroborate Stober's testimony that defendant was a party to the theft-burglaries; even though the corroboration as to these counts was as equally susceptible of an interpretation connecting defendant with the crime of receiving as with the crime of theft-burglary, the law requires that the fact finder (here, the jury) resolve the issue and its finding is conclusive upon us. (*People* v. *Redrick* (1961) 55 Cal.2d 282, 289 [10 Cal.Rptr. 823, 359 P.2d 255]; *People* v. *Robillard* (1960) 55 Cal.2d 88, 93 [10 Cal.Rptr. 167, 358 P.2d 295, 83 A.L.R.2d 1086], disapproved on other grounds in *People* v. *Morse* (1964) 60 Cal.2d 631, 648-649 [36 Cal.Rptr. 201, 388 P.2d 33, 12 A.L.R.3d 810].)

## IV

▮ Appellant contends the trial court erred by giving CALJIC in-

---

[8]As indicated by footnote 7, the out-of-court statement could be treated by the jury as indicating that defendant had lied in court; the jury could, therefore, conclude that he had made—before them—a false statement as to his acquisition and that that falsity indicated some kind of guilty knowledge.

Additionally, the jury could conclude defendant's statement in court, regarding acquisition of the loot from De Rosha, was a false one. While an inference may be drawn from the out-of-court statement and from the in-court testimony consistent with the knowledge of receiving stolen property, rather than burglary, the jury's verdict resolved this question of inferences.

struction No. 3.14,[9] arguing it permitted the jury to find Stober was not an accomplice. There are two replies readily available. First, as already observed herein, the jury must have found that defendant and Stober were accomplices in the crimes charged in counts I, III, V and VII and were not accomplices regarding the crime charged in count X, so that any error was without prejudicial effect. Second, to object is to assume that, as a matter of law, Stober was defendant's accomplice which would be contrary to the testimony of defendant, himself, which left that issue as one of fact.

## V

Defendant's contention, relating to a question asked of him by the prosecutor at trial, is without merit. Defendant did not object to the question, move to strike the answer or ask the trial judge to instruct the jury to disregard either the question or the answer.

This response answers another contention advanced by defendant relating to a question asked of witness Stober.

## VI

Finally, at the time fixed for consideration of probation and sentence, defendant filed a written motion to have "a 95 hearing" (i.e., a hearing in superior court department 95 to determine his addiction to drugs). Defendant concedes that the narcotic addiction hearing provisions of Welfare and Institutions Code section 3051 do not apply because of the exception regarding first degree burglary contained in section 3052. (It will be recalled that defendant was convicted of first degree burglary under count VII.) Defendant argues the trial court abused its discretion in denying his motion. However, no abuse of discretion is shown. *People* v. *Lo Cicero* (1969) 71 Cal.2d 1186 [80 Cal.Rptr. 913, 459 P.2d 241], relied upon by defendant, is not in point.

In supplemental briefs, defendant's attorney and defendant, himself, in pro. per., advanced added contentions, none of which requires discussion. All are rejected as being without adequate support in the record. (Cf., *Peo-*

---

[9]This instruction reads: "Merely assenting to or aiding or assisting in the commission of a crime without guilty knowledge or intent is not criminal, and a person so assenting to, or aiding, or assisting in, the commission of a crime without guilty knowledge or intent in respect thereto, is not an accomplice in the commission of such crime."

*ple* v. *Reeves* (1966) 64 Cal.2d 766, 774 [51 Cal.Rptr. 691, 415 P.2d 35].)

The judgment is affirmed.

Jefferson, Acting P. J., concurred.

**KINGSLEY, J.**—Concurring and Dissenting. I concur insofar as the decision affirms the conviction on count X (the receiving count), since, as to that count, Stober was not an accomplice and his testimony, coupled with defendant's possession of the proceeds, supports that verdict.

I dissent insofar as the decision affirms the four burglary counts. Nothing corroborates Stober's testimony involving defendant in those burglaries except defendant's false explanation. That explanation does not necessarily connect defendant with any burglary; it is equally consistent with guilt of receiving. Since corroborating evidence must connect a defendant with the very crime charged and not merely with criminality of some sort, defendant is entitled to more than a proof of possibility of guilt. Unlike the cases relied on by the majority, where if defendant was guilty at all he must have been the burglar, or where none of the special problems of accomplice testimony were involved, a case resting on nothing but accomplice testimony must involve corroboration greater than an even-money choice by the trier of fact.

Appellant's petition for a hearing by the Supreme Court was denied May 29, 1974.