Filed 10/22/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Appellant,<br><br>v.<br><br>ISAAC DANIEL LARA,<br><br>   Defendant and Respondent. | 2d Crim. No. B341682<br>(Super. Ct. No. 2001030625)<br>(Ventura County) |

      In 1872, the Legislature enacted Civil Code section 3510. It provides: "When the reason of a rule ceases, so should the rule itself." This time-honored maxim has application here.

      The People appeal an order granting the petition of respondent for recall of his sentence pursuant to Penal Code section 1170, subdivision (d)(1)(A) (section 1170(d)(1)(A)).[1] The statute provides relief to juvenile offenders who were "sentenced to imprisonment for life without the possibility of parole" (LWOP). (*Ibid.*) Respondent does not qualify for relief under the statute because he was not sentenced to LWOP. In 2002 he was

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

sentenced to imprisonment for 79 years to life with the possibility of parole.

The trial court concluded that equal protection principles entitled respondent to relief under section 1170(d)(1)(A) because his 79-year-to-life sentence was the functional equivalent of LWOP when it was imposed. A subsequent statute changes the legal landscape. (See § 3051, subd. (b)(4) [youthful offender parole hearing].)[2]

*Convictions and Sentence*

In 2002 a jury convicted respondent of first degree murder (§§ 187, subd. (a), 189), attempted murder (§§ 664/187), shooting at people in an occupied motor vehicle (§ 246), and assault with a semiautomatic firearm (§ 245, subd. (b)). The jury found true several firearm enhancements. Respondent committed these crimes in 2000 when he was 17 years old.

Respondent was sentenced to a determinate term of 29 years, consisting of 9 years for the attempted murder plus 20 years for the section 12022.53, subdivision (c) enhancement as to the attempted murder. He was also sentenced to a consecutive

---

[2] "A person who was convicted of a controlling offense that was committed before the person had attained 18 years of age and for which the sentence is life without the possibility of parole shall be eligible for release on parole at a youth offender parole hearing during the person's 25th year of incarceration. The youth parole eligible date for a person eligible for a youth offender parole hearing under this paragraph shall be the first day of the person's 25th year of incarceration." (§ 3051, subd. (b)(4).) If a person has a statutory right to youthful offender parole hearing if he is serving a LWOP sentence, surely a person serving less than LWOP has a similar right. Appellant is such a person and the Parole Board lawfully conducted the hearing.

2

indeterminate term of 50 years to life, consisting of 25 years to life for the murder plus 25 years to life for the section 12022.53, subdivision (d) enhancement as to the murder. Sentences for the other offenses and enhancements were stayed. We affirmed the judgment in an unpublished opinion – *People v. Lara* (July 7, 2004, B161266).

*"Heard" Petition for Relief*

In June 2024 respondent filed a petition in the trial court "to recall his sentence pursuant to Penal Code section 1170, subdivision (d)(1) and *People v. Heard* (2022) 83 Cal.Appp.5th 608 [(*Heard*)], and subsequently certify the case to juvenile court." Section 1170, subdivision (d)(1)(A) provides: "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant *was sentenced* to imprisonment for *life without the possibility of parole* has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." (Italics added.) The statute "was enacted [in 2012] in response to *Graham* [*v. Florida* (2010) 560 U.S. 48, 82,] which held that the imposition of an LWOP sentence on a juvenile offender convicted of a nonhomicide offense violates the Eighth Amendment." (*People v. Lopez* (2016) 4 Cal.App.5th 649, 653.)[3]

As indicated, the trial court granted the petition. It concluded that respondent was entitled to section 1170(d)(1)(A)

---

[3] This court decided the *Lopez* case. But it is factually distinguishable from the "*Heard*" line of cases. And, it predates the filing of *Heard* and the enactment of section 3051. Use of the "past tense" language is not now controlling. But for section 3051, we would agree that a 79-year-to-life sentence that "was" imposed is the functional equivalent of LWOP.

relief because he "was sentenced to 79 years to life, a functional equivalent to a life sentence without the possibility of parole within the meaning of . . . *Heard*[, *supra,*] 83 Cal.App.5th 608 and *People v. Sorto* (2024) 104 Cal.App.5th 435 [(*Sorto*)]." The court recalled respondent's sentence and "conditionally reverse[d] the conviction and sentence." It certified the matter to juvenile court with directions to conduct further proceedings pursuant to Proposition 57. (See *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 309-310, 313 (*People v. Lara, Jr.*).)[4]

On October 31, 2024, a youth offender parole hearing was conducted pursuant to section 3051. The Board of Parole Hearings found respondent unsuitable for parole. A subsequent hearing is scheduled to be conducted in October 2029.

*Heard Not Controlling*

We acknowledge *Heard, supra,* 83 Cal.App.5th 608 and the case law which agrees with its holding and rationale. Court of Appeal opinions, both published and not published have been inconsistent. We agree with the People that the "*Heard*" rule has been mooted by the Legislature. (See, e.g., *People v. Isayev* (2025) 113 Cal.App.5th 1117, pet. for rev. filed Sept. 8, 2025, S292860;

---

[4] "Proposition 57 prohibits prosecutors from charging juveniles with crimes directly in adult court. Instead, they must commence the action in juvenile court. If the prosecution wishes to try the juvenile as an adult, the juvenile court must conduct what we will call a 'transfer hearing' to determine whether the matter should remain in juvenile court or be transferred to adult court. Only if the juvenile court transfers the matter to adult court can the juvenile be tried and sentenced as an adult." (*People v. Lara, Jr.*, *supra*, 4 Cal.5th at p. 303.)

4

see also *People v. Ortega* (2025) 111 Cal.5th 1252, rev. granted Sept. 17, 2025, S292070.)

We do not view cases wearing "horse blinders." Here, appellant has been given a parole hearing and so it is plain to see that he is not presently serving the functional equivalent of LWOP. The issue is moot. As indicated, "When the reason of a rule ceases, so should the rule itself." (*People v. Neal* (1944) 65 Cal.App.2d 160, 166.) Phrased otherwise, the reason for the "*Heard*" rule has ceased and so should the "*Heard*" rule itself.

*Disposition*

The trial court's orders are reversed.

<u>CERTIFIED FOR PUBLICATION</u>.


YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

Charmaine H. Buehner, Judge

Superior Court County of Ventura

_____


Erik Nasarenko, District Attorney, W. Taylor Waters, Snr. Deputy District Attorney, for Plaintiff and Appellant.

Claudia Y. Bautista, Public Defender, William Quest, Snr. Deputy Public Defender, for Defendant and Respondent.