Filed 1/14/14  P. v. Johnson CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

<table>
<tr><td>

**THE PEOPLE,**

      **Plaintiff and Respondent,**

**v.**

**RONALD E. JOHNSON,**

      **Defendant and Appellant.**

</td><td>

**A139688**

**(San Francisco County
Super. Ct. No. 219544)**

</td></tr>
</table>

Appellant Ronald E. Johnson lived at a residence club until he was evicted in late 2012.  On October 17, 2012, after appellant was evicted, he left a voicemail message for the resident manager of the residence club.  In the message, appellant asked the manager to return appellant's property to him and bring him money or else appellant would kill the manager's wife and kidnap his newborn baby.  The manager received another voicemail message from appellant on October 19, 2012 conveying a similar threat.

On February 19, 2013, the San Francisco District Attorney filed an information charging Johnson with one felony count of attempted extortion (Pen. Code, §§ 520, 664)[1] and two felony counts of making a criminal threat (§ 422).  On March 11, 2013, Johnson filed a motion under section 995 to set aside all three counts set forth in the information, which the prosecution opposed.

On March 22, 2013, defense counsel declared a doubt as to Johnson's competency to stand trial, and the court suspended criminal proceedings pending a competency

---

[1] All further undesignated statutory references are to the Penal Code.

evaluation and hearing. (See §§ 1368, subd. (b), 1369.) The court appointed a psychologist to evaluate Johnson's competency, and she opined he was competent to stand trial. The parties submitted the competency question on the report, and the court found appellant competent to stand trial.

On May 15, 2013, the prosecutor filed a motion seeking to amend the attempted extortion count to allege a violation of section 524. The defense and the prosecution filed revised papers on Johnson's motion to set aside the information. On June 12, 2013, the trial court granted appellant's section 995 motion with respect to the attempted extortion count and denied the motion with respect to the two threat counts. Johnson then entered guilty pleas to two felony criminal threat counts with the understanding both counts would be reduced to misdemeanors and the court would suspend imposition of sentence and place appellant on probation for three years. Appellant waived his rights under *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122 and stipulated to the use of the preliminary hearing transcript as the factual basis for his plea.

At the sentencing hearing on July 3, 2013, the court reduced both threat counts to misdemeanors, suspended imposition of sentence, and placed Johnson on unsupervised court probation for three years. The prosecutor objected to the reduction of the offenses to misdemeanors and the unsupervised nature of the probation grant. Appellant waived 180 days of presentence credits, and the court imposed a one-day county jail term as a condition of probation, with credit for one day of time already served. The court issued stay-away orders, a four-way search clause, and the following fines and fees per conviction: a $140 restitution fine (§ 1202.4, subd. (b)), a stayed $140 probation revocation restitution fine (§ 1202.44), a $40 court security fee (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373, subd. (a)). The court reserved jurisdiction to make a victim restitution determination at a later date.

On September 3, 2013, Johnson filed a timely notice of appeal based on post-plea sentencing matters and requested a certificate of probable cause to challenge the validity of the plea. The trial court denied the request for a certificate of probable cause on September 4, 2013.

2

On November 21, 2013, appointed counsel submitted a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, certifying that he has been unable to identify any issues for appellate review. Counsel has also submitted a declaration affirming that he has advised Johnson of his right to file a supplemental brief raising any points which he wishes to call to the court's attention. No supplemental brief has been submitted.

## DISCUSSION

Johnson's guilty pleas to the threat counts restrict our review to grounds that (1) arose after the pleas and admission and (2) do not affect their validity. (§ 1237.5; Cal. Rules of Court, rule 8.304(b)(1), (4)(B).) Because he pleaded guilty to the charges, we may not consider any attack on the legality of his sentence in the absence of a certificate of probable cause. (See *People v. Cuevas* (2008) 44 Cal.4th 374, 384.)

As required, we have independently reviewed the entire record and found no arguable issues. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110.) In particular, we have reviewed Johnson's request for a certificate of probable cause, and we conclude that none of the issues raised in it are cognizable on appeal in the absence of a certificate of probable cause.

Because Johnson entered guilty pleas, he cannot challenge the facts underlying his convictions. (*People v. Neild* (2002) 99 Cal.App.4th 1223, 1225, fn. 2.) His guilty plea also bars his claim that the prosecution improperly charged a count in the information. (See *People v. Turner* (1985) 171 Cal.App.3d 116, 127.) It also precludes appellate review of matters relating to his section 995 motion. (See *People v. Hollins* (1993) 15 Cal.App.4th 567, 574-575.) In addition, his claim that he was coerced into entering into the plea agreement challenges the validity of the plea and is not cognizable on appeal because he failed to obtain a certificate of probable cause. (*People v. Panizzon* (1996) 13 Cal.4th 68, 76 [under § 1237.5, certificate must be obtained when defendant claims that guilty plea was induced by misrepresentations of fundamental nature, that plea was entered at time when defendant was mentally incompetent, or that warnings regarding effect of guilty plea on right to appeal were inadequate].)

DISPOSITION

The judgment is affirmed.

_____

Jones, P.J.

We concur:

_____

Simons, J.

_____

Needham, J.