[No. D038132. Fourth Dist., Div. One. July 1, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
JESSE S. NEILD, Defendant and Appellant.

**COUNSEL**

Diane Nichols, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General and Daniel Rogers, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**HUFFMAN, J.**—Jesse S. Neild was on probation in *People v. Neild* (Super. Ct. San Diego County, 2001, No. SCD136642) (case No. SCD136642) for battery inflicting serious bodily injury (Pen. Code, § 243, subd. (d))[1] and accessory to a felony (§ 32) when he was charged with battery inflicting serious bodily injury in *People v. Neild* (Super Ct. San Diego County, 2001, No. SCD119959) (case No. SCN119959). He entered a negotiated guilty

---

[1]All statutory references are to the Penal Code unless otherwise specified.

plea in case No. SCN119959 to battery inflicting serious bodily injury and admitted committing a violent and serious felony while on felony probation. (§ 1203, subd. (k).) The court revoked probation in case No. SCD136642 and found section 1203, subdivision (k), prohibited it from granting probation in case No. SCN119959. It sentenced Neild to prison for the three-year middle term for battery inflicting serious bodily injury in case No. SCN119959 with a concurrent term for being an accessory and the battery inflicting serious bodily injury conviction in case No. SCN136642.

## DISCUSSION

Appointed appellate counsel has filed a brief setting forth the evidence in the superior court. Counsel presents no argument for reversal but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]. Pursuant to *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493] counsel refers to as possible but not arguable issues: (1) whether Neild's guilty plea was constitutionally valid; (2) whether the trial court erred in refusing to strike the section 1203, subdivision (k) finding; (3) whether the trial court erred in imposing the three-year middle term; and (4) whether the trial court erred in revoking probation in case No. SCD136642 and imposing a prison term.[2]

■■■ We granted Neild permission to file a brief on his own behalf. He has not responded. While reviewing the record pursuant to *People v. Wende, supra,* 25 Cal.3d 436, we requested additional briefing on the question of whether the trial court erred in failing to exercise its discretion to strike the section 1203, subdivision (k) finding.

Section 1203, subdivision (k), provides: "Probation shall not be granted to, nor shall the execution of, or imposition of sentence be suspended for, any person who is convicted of a violent felony, as defined in subdivision (c) of section 667.5, or a serious felony, as defined in subdivision (c) of section 1192.7, and who was on probation for a felony offense at the time of the commission of the new felony offense."

Section 1385, on the other hand, gives the trial court discretion to strike allegations that would enhance punishment in the furtherance of justice. (*People v. Burke* (1956) 47 Cal.2d 45, 50-51 [301 P.2d 241].) However, the

---

[2]Because Neild entered guilty pleas, he cannot challenge the facts underlying the convictions. (§ 1237.5; *People v. Martin* (1973) 9 Cal.3d 687, 693 [108 Cal.Rptr. 809, 511 P.2d 1161].) We need not recite the facts.

Supreme Court in *People v. Tanner* (1979) 24 Cal.3d 514, 518-520 [156 Cal.Rptr. 450, 596 P.2d 328] (*Tanner*), held that notwithstanding section 1385, trial courts do not have discretion to strike a gun-use enhancement (§ 1203.06)[3] in order to make the gun user eligible for probation because the Legislature intended otherwise. In *People v. Williams* (1981) 30 Cal.3d 470, 483 [179 Cal.Rptr. 443, 637 P.2d 1029] the Supreme Court discussed *Tanner*, saying: "Although section 1203.06 did not expressly state that judicial discretion under section 1385 was precluded, this court found sufficient indices of such an intent in the history of the statute. 'We must therefore conclude the Legislature intends discretion may be exercised in the case of crimes falling within section 1203 but not within section 1203.06. Any other construction restores the pre-1975 law allowing a court to grant probation to any criminal if the court deems that to do so would be in the interest of justice. Such judicial resurrection renders the 1975 legislation a nullity.' [Citation.]"

Neild relies on *People v. Ruby* (1988) 204 Cal.App.3d 462 [251 Cal.Rptr. 339] (*Ruby*) to argue that the legislative history of section 1203, subdivision (k), does not explicitly show that the Legislature intended to prohibit the trial court from exercising section 1385 discretion to strike the section 1203, subdivision (k) finding. In *Ruby, supra,* 204 Cal.App.3d at page 465, while considering whether the trial court had discretion to strike a prior drug conviction,[4] we found: "Unlike the statute analyzed in *Tanner*, there is no express legislative intent either in the statutory language or its legislative history to preclude the exercise of judicial discretion under . . . section 1385. Thus, we are bound by the decisions of our Supreme Court permitting application of . . . section 1385 discretion in these circumstances."

However, after *Ruby*, the Legislature enacted section 1203.07, subdivision (a)(11) to negate that holding. (*People v. McGuire* (1993) 14 Cal.App.4th 687 695 [18 Cal.Rptr.2d 12] (*McGuire*).) ▉ "The Legislature 'is deemed to be aware of statutes and judicial decisions already in existence, and to have enacted or amended a statute in light thereof. [Citation.] Where a statute is framed in language of an earlier enactment on the same or an

---

[3]Section 1203.06 provides in part: "Notwithstanding [s]ection 1203: [¶] (a) Probation shall not be granted to . . . any of the following persons: [¶] (1) Any person who personally used a firearm during the commission or attempted commission of any of the following crimes: [¶] . . . [¶] (B) Robbery, in violation of [s]ection 211."

[4]In *Ruby*, the trial court denied probation pursuant to Health and Safety Code section 11370, which provides: [¶] "Any person convicted of violating [Health and Safety Code] Section 11350, 11351, 11351.5, 11352, . . . 11357, 11359, 11360, 11361, 11363, 11366, or 11368, or committing any offense referred to in those sections, shall not, in any case, be granted probation by the trial court or have the execution of the sentence imposed upon him or her suspended by the court, if he or she has been previously convicted of any offense described in subdivision (c)."

analogous subject, and that enactment has been judicially construed, the Legislature is presumed to have adopted that construction. [Citation.]' [Citation.] Thus, in adding subparagraph (11) to section 1203.07, subdivision (a), in 1989, the Legislature is deemed to have been aware of the case law . . . holding section 1203.07 prohibited courts from striking prior conviction findings for purposes of granting probation. [Citation.] The Legislature is also deemed to have adopted that judicial construction of section 1203.07. [Citation.] Hence, we conclude the Legislature intended section 1203.07, subdivision (a)(11), to eliminate the trial court's section 1385 discretion to strike a prior conviction finding to render a defendant eligible for probation." (*McGuire, supra,* 14 Cal.App.4th at p. 694.)[5]

■ By denying probation to a defendant convicted of a serious or violent felony while on probation for another felony conviction, section 1203, subdivision (k), tracks the language prohibiting probation to a defendant convicted of one of the listed drug offenses after a prior conviction of one of the listed drug offenses in section 1203.07, subdivision (a)(11). Hence, the Legislature intended section 1203, subdivision (k) to eliminate the trial court's discretion to grant probation to a defendant convicted of a violent felony while on probation for a violent felony conviction.

We took judicial notice of a report for the Senate Committee on Criminal Procedure hearing on Assembly Bill No. 893 (1995-1996 Reg. Sess.), May 14, 1996, Milton Marks, Chair. The report suggested placing "this offense in the category of disallowing probation except where the interest of justice would best be served by granting probation." (*Id.* at p. 8.) The bill's sponsor was concerned that "the interest of justice exception would swallow the rule." (*Id.* at p. 9.) The change was not made. The Legislature thus showed its intent that there be no interest of justice or furtherance of justice exception to the ban on probation to defendants convicted of a serious or violent felony while on probation for another felony conviction.

A review of the entire record, including the possible issues referred to pursuant to *Anders v. California, supra,* 386 U.S. 738, has disclosed no reasonably arguable appellate issue except the sections 1203, subdivision (k) and 1385 issues discussed *ante*.

---

[5]Section 1203.07, subdivision (a) provides in part: "Notwithstanding [s]ection 1203, probation shall not be granted to, nor shall execution or imposition of sentence be suspended for any of the any of the following persons: [¶] . . . [¶ (11) Any person convicted of violating [s]ection 11351, 11351.5, or 11378 of the Health and Safety Code, by possessing for sale cocaine base, cocaine, or methamphetamine, or convicted of violating [s]ection 11352, or 11379 of the Health and Safety Code, by selling or offering to sell cocaine base, cocaine, or methamphetamine and who has one or more convictions for violating [s]ection 11351, 11351.5, 11352, 11378, 11378.5, 11379, or 11379.5 of the Health and Safety Code."

## DISPOSITION

Judgment affirmed.

Kremer, P. J., and Benke, J., concurred.

A petition for a rehearing was denied July 29, 2002, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied September 18, 2002. George, C. J., and Baxter, J., did not participate therein. Kennard, J., was of the opinion that the petition should be granted.