Filed 2/19/14

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANDRE DEON HOOD,<br><br>    Defendant and Appellant. | D063560<br><br><br><br>(Super. Ct. No. SCD240887) |

APPEAL from an order of the Superior Court of San Diego County, Leo Valentine, Jr., Judge.  Affirmed.

Steven J. Carroll, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Natasha Cortina, Deputy Attorney General, for Plaintiff and Respondent.

A jury found Andre Deon Hood guilty of assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4); subsequent section references are to this

code) and battery with serious bodily injury (§ 243, subd. (d)) for punching Joseph Laws in the face and lacerating the skin under his left eye. The jury also found true allegations Hood personally inflicted great bodily injury on Laws. (§§ 1192.7, subd. (c)(8), 12022.7, subd. (a).) After the jury returned its verdicts, Hood admitted allegations he had a prior conviction of assault with a deadly weapon (§ 245, subd. (a)(1)), which qualified as a serious felony (§ 667, subd. (a)(1)) and a strike under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12).

At the sentencing hearing, the court dismissed the prior conviction allegations for purposes of the Three Strikes law. (See § 1385, subd. (a); *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 504.) The court then suspended imposition of sentence for three years, granted Hood formal probation, and committed him to the custody of the sheriff for 365 days.

On appeal, Hood contends the order granting probation must be reversed because the evidence was insufficient to establish serious bodily injury for the battery conviction or great bodily injury for the allegations the jury found true. In supplemental briefing that we solicited, the People contend Hood was ineligible for probation and the matter must be remanded for resentencing. We affirm the challenged order.

I.

FACTS

After socializing with friends for several hours at bars in downtown San Diego, Laws and some friends walked back to their car when the bars closed. While Laws was getting into the front passenger seat, he noticed Hood, whom he did not know, trying to

2

sit in the rear passenger seat. Laws told Hood it was not his car, but Hood did not respond and continued to get into the car. Laws then tapped Hood on the shoulder and said, "Hey, man, back off." Hood pushed Laws up against a wall and punched him in the face. A passerby who saw the altercation intervened on Laws's behalf and restrained Hood until police arrived.

As a result of the punch, things became "hazy" for Laws, but he never lost consciousness or blacked out. His eyes swelled shut, and a cut under his left eye bled. Laws went to a hospital, where the cut under his left eye was bound with eight sutures. The sutures were removed eight days later, leaving a one and one-quarter inch scar. The sclera of Laws's left eye remained bloody for approximately one more week.

II.

DISCUSSION

A.    *Sufficient Evidence Supports the Jury's Verdicts*

Hood claims his battery conviction and the true finding on the allegations he personally inflicted great bodily injury on Laws must be reversed because the evidence was insufficient to establish either serious or great bodily injury. In considering this claim, we review the whole record in the light most favorable to the judgment to determine whether it contains substantial evidence (i.e., evidence that is reasonable, credible, and of solid value) from which a reasonable jury could have found Hood guilty beyond a reasonable doubt. (*People v. Zamudio* (2008) 43 Cal.4th 327, 357; *People v. Johnson* (1980) 26 Cal.3d 557, 578.) " ' "If there is sufficient evidence to sustain the jury's finding of great bodily injury, we are bound to accept it, even though the

3

circumstances might reasonably be reconciled with a contrary finding." ' " (*People v. Escobar* (1992) 3 Cal.4th 740, 750 (*Escobar*).)  Under this deferential standard, we conclude, for the reasons explained below, that the evidence was sufficient to establish serious bodily injury and great bodily injury.

We begin with the statutory definitions.  " 'Serious bodily injury' means a serious impairment of physical condition, including, but not limited to, the following:  loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; *a wound requiring extensive suturing*; and serious disfigurement."  (§ 243, subd. (f)(4), italics added.)  " '[G]reat bodily injury' means a significant or substantial physical injury."  (§ 12022.7, subd. (f).)  Our Supreme Court has noted that the terms " ' "[s]erious bodily injury" and "great bodily injury" are essentially equivalent elements' " (*People v. Burroughs* (1984) 35 Cal.3d 824, 831), such that "the great bodily injury enhancement found true . . . would effectively establish the elements of the charged battery with serious bodily injury" (*People v. Sloan* (2007) 42 Cal.4th 110, 117; accord, *People v. Wade* (2012) 204 Cal.App.4th 1142, 1149 ["serious bodily injury" as used in § 243 is essentially equivalent to "great bodily injury" as used in § 12022.7]).

Under these definitions, the evidence was sufficient to sustain Hood's conviction of battery with serious bodily injury and the allegations that he personally inflicted great bodily injury.  "An examination of California case law reveals that *some physical* pain or *damage*, *such as lacerations*, bruises, or abrasions is sufficient for a finding of 'great bodily injury.' " (*People v. Washington* (2012) 210 Cal.App.4th 1042, 1047, italics added.)  Here, Laws testified his injuries included:  (1) a cut underneath his left eye,

4

which bled, required eight stitches, and left a permanent scar; (2) swelling and bruising of his face; and (3) bleeding into his sclera. Photographs of these injuries were introduced at trial. Under the case law, this evidence was sufficient to establish serious bodily injury for the battery conviction, as well as great bodily injury for the true findings on the allegations. (See, e.g., *People v. Belton* (2008) 168 Cal.App.4th 432, 436, 440 [broken tooth, wounds on eyebrow and lips requiring sutures]; *People v. Hale* (1999) 75 Cal.App.4th 94, 108 [broken teeth, split lip, and cut under eye]; *People v. Bustos* (1994) 23 Cal.App.4th 1747, 1755 (*Bustos*) [contusions and lacerations from punch to face]; *People v. Corona* (1989) 213 Cal.App.3d 589, 592 [swollen jaw, cuts on arms and chin, bruises on neck and back, sore ribs, and cut above eye requiring eight or 10 stitches].)

In opposition to our conclusion, Hood insists the evidence "was wholly inadequate to support a jury verdict of serious or great bodily injury" because Laws's injuries "were no greater than moderate harm." (See *People v. Armstrong* (1992) 8 Cal.App.4th 1060, 1066 ["Great bodily injury is bodily injury which is significant or substantial, not insignificant, trivial or moderate."].) According to Hood, the cut under Laws's left eye "was neither 'extensive' nor a 'serious disfigurement,' " and there was no "evidence that Laws incurred protracted loss or impairment of function o[f] any bodily member or organ." For a jury to find a victim suffered serious or great bodily injury, however, there is "no specific requirement that the victim suffer 'permanent,' 'prolonged' or 'protracted' disfigurement, impairment, or loss of bodily function." (*Escobar*, *supra*, 3 Cal.4th at p. 750.) " ' "A fine line can divide an injury from being significant or substantial from an injury that does not quite meet the description." ' [Citations.] Where to draw that line is

5

for the jury to decide."  (*People v. Cross* (2008) 45 Cal.4th 58, 64.)  We cannot say as a matter of law that the facial injuries Laws suffered did not constitute a significant or substantial injury.  (See *Bustos*, *supra*, 23 Cal.App.4th at p. 1755.)  We therefore reject Hood's contention that Laws's injuries constituted at most only moderate harm.

B.      *The Court Did Not Err in Granting Hood Probation*

After initial briefing was completed, it came to our attention that Hood might not be eligible for probation in this case, because his current convictions are serious felonies (§ 1192.7, subd. (c)(8)) and the probation report states that at the time Hood committed the current offenses he was on probation for a prior conviction of felony assault with a deadly weapon (§ 245, subd. (a)(1)).  "Probation shall not be granted to . . . any person who is convicted of . . . a serious felony . . . and who was on probation for a felony offense at the time of the commission of the new felony offense."  (§ 1203, subd. (k); see *People v. Neild* (2002) 99 Cal.App.4th 1223, 1227 (*Neild*) [court may not dismiss prior conviction allegations under § 1385, subd. (a) to remove absolute bar to probation imposed by § 1203, subd. (k)].)  We requested supplemental briefing from the parties on the probation eligibility issue.

In response to our request, Hood argues he is eligible for probation because the People did not meet their burden under the Sixth Amendment to prove he was on felony probation when he committed the current serious felony offenses.  (See U.S. Const., 6th Amend. ["In all criminal prosecutions, the accused shall enjoy the right to a . . . trial, by an impartial jury"]; *Duncan v. Louisiana* (1968) 391 U.S. 145, 149 [6th Amend. jury trial right applies through due process clause of 14th Amend. to state criminal proceedings].)

6

The People do not reply to Hood's constitutional argument. Instead, they assert the trial court erred by granting Hood probation, it would not be unfair to require him to serve a prison sentence even though he has complied with probation, and the matter should be remanded to allow the trial court to impose a legally proper sentence. We reject Hood's Sixth Amendment argument, but conclude that under controlling authority from the California Supreme Court, the People's failure to plead and prove Hood was on probation when he committed the current offenses precludes application of the absolute bar to probation contained in section 1203, subdivision (k).

The Sixth Amendment did not require the People to plead and prove Hood was ineligible for probation in the current case because he was on probation when he committed the current offenses. Under that Amendment, "[*o*]*ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi v. New Jersey* (2000) 530 U.S. 466, 490, italics added.) The California Supreme Court has held the prior conviction exception to the *Apprendi* rule is not limited to the mere fact of a prior conviction, but extends to other facts related to the prior conviction. (*People v. Towne* (2008) 44 Cal.4th 63, 77-79.) In particular, "the federal constitutional right to a jury trial and proof beyond a reasonable doubt on aggravating circumstances does not extend to the circumstance that a defendant was on probation or parole at the time of the offense or has served a prior prison term." (*Id.* at p. 79.) *Towne* has not been called into question by the United States Supreme Court's recent decision in *Alleyne v. U.S.* (2103) ___ U.S. ___ [186 L.Ed.2d 314, 133 S.Ct. 2151], on which Hood

7

exclusively relies, that the *Apprendi* rule applies to any fact that increases the mandatory minimum sentence for a crime. The *Alleyne* court did not discuss the prior conviction exception to the *Apprendi* rule; and in other recent decisions applying the rule, the federal high court has continued to recognize that exception. (See, e.g., *Descamps v. U.S.* (2013) ___ U.S. ___, ___ [186 L.Ed.2d 438, 456-457, 133 S.Ct. 2276, 2288]; *Southern Union Co. v. U.S.* (2012) ___ U.S. ___, ___ [183 L.Ed.2d 318, 326, 132 S.Ct. 2344, 2350].) Therefore, *Towne* is binding on us and requires rejection of Hood's Sixth Amendment argument. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 (*Auto Equity Sales*).)

Other authority from our Supreme Court, however, requires us to affirm the trial court's order granting probation. In *People v. Ford* (1964) 60 Cal.2d 772, 794 (*Ford*), the court held that before a defendant can be sentenced to the increased penalties that follow from a prior conviction, "the fact of the prior conviction . . . must be charged in the accusatory pleading, and if the defendant pleads not guilty thereto, the charge must be proved and the truth of the allegation determined by the jury, or by the court if a jury is waived." In *People v. Lo Cicero* (1969) 71 Cal.2d 1186, 1193, 1194 (*Lo Cicero*), the court held the "denial of opportunity for probation . . . is equivalent to an increase in penalty, and the principle declared in *Ford* should apply," so that "whenever under [a statute making a defendant ineligible for probation] the fact of a prior conviction affects a defendant's eligibility for probation, the prior conviction should be charged and proved according to the relevant provisions of the Penal Code." The court further held that "[p]rior convictions coming to the court's attention in some other fashion . . . may be

8

considered by the court in deciding whether to grant probation, *but do not render the defendant ineligible for probation*." (*Lo Cicero*, at p. 1188, italics added.)  The Supreme Court later described its holding in *Lo Cicero* in these terms:  "The statute did not expressly require the prior conviction establishing the defendant's [probation] ineligibility be pleaded and proved, but we recognized an *implied pleading and proof requirement under* [*Ford*] . . . ."  (*In re Varnell* (2003) 30 Cal.4th 1132, 1140, italics added.)  The Supreme Court limited *Lo Cicero* to situations "where the prior conviction absolutely denied a defendant the opportunity for probation."  (*In re Varnell*, at p. 1140.)  More recently, the Supreme Court cited *Ford* and *Lo Cicero* as exemplifying "a line of cases requiring *formal pleading and proof of facts* that increase a defendant's sentence [citation] or *that completely disqualify a defendant from receiving probation* [citation]."  (*People v. Lara* (2012) 54 Cal.4th 896, 903, italics added (*Lara*).)  Under these cases, then, any fact that completely bars a defendant from being granted probation must be formally pled and, if denied by the defendant, proved at trial.

Here, the fact Hood was on felony probation when he committed the current serious felony offenses made him absolutely ineligible for probation under section 1203, subdivision (k).  (§ 1203, subd. (k); *Neild*, *supra*, 99 Cal.App.4th at p. 1227.)  Although that statute did not expressly require the People to plead and prove Hood's probation status at the time he committed the current offenses, under the rationale of *Lo Cicero*, as explained in *In re Varnell* and *Lara*, there is an implied requirement that such status be alleged in the accusatory pleading and proved by the People at trial (unless admitted by Hood).  (*Lo Cicero*, *supra*, 71 Cal.2d at p. 1194; see *Lara*, *supra*, 54 Cal.4th at p. 903; *In*

9

*re Varnell*, *supra*, 30 Cal.4th at p. 1140.) Because Hood's probation status at the time he committed the current offenses was neither alleged nor proved, however, that status did not render him ineligible for probation for his current convictions. (*Lo Cicero*, at p. 1188.)

Although we conclude Hood was eligible for probation under the compulsion of *Lo Cicero*, *supra*, 71 Cal.2d 1186, we note that more recent decisions of our Supreme Court undermine *Lo Cicero*'s reasoning. For example, statements that probation "is 'an act of clemency and grace' [citation], not a matter of right" (*People v. Anderson* (2010) 50 Cal.4th 19, 32), "probation is not punishment" (*People v. Mancebo* (2002) 27 Cal.4th 735, 754), and "courts deem probation an act of clemency in lieu of punishment" (*People v. Howard* (1997) 16 Cal.4th 1081, 1092), are inconsistent with the statement in *Lo Cicero* that the "denial of opportunity for probation . . . is equivalent to an increase in penalty" (*id.* at p. 1193). Furthermore, if, as the more recent California Supreme Court cases indicate, denying probation is not a form of punishment because probation is an act of clemency by the trial court (*People v. Benitez* (2005) 127 Cal.App.4th 1274, 1278), then the rationale of *Ford*, *supra*, 60 Cal.2d 772, upon which *Lo Cicero* is based, would seem not to apply. The California Supreme Court recently identified the "basic concern" (or "core concern") underlying the rule of *Ford* as "the need to ensure that the jury's verdict authorizes the sentence," so that a defendant does not suffer " 'increased penalties' " triggered by facts not determined by the jury. (*Lara*, *supra*, 54 Cal.4th at pp. 904, 905.) The court held that concern was not implicated by the People's failure to plead and prove facts that disqualified the defendant from earning day-for-day conduct

10

credits, because "the disqualifying facts cannot remove a sentence from the statutory range" but "merely limit a defendant's ability to earn credits against a sentence for good behavior." (*Id.* at p. 905.) Similarly, the failure to plead and prove facts that make a defendant ineligible for probation would not appear to implicate the rule of *Ford*, because such facts merely eliminate an opportunity for "an act of clemency in lieu of punishment" (*Howard*, at p. 1092) and leave the defendant subject only to the statutory range of punishment authorized by the jury's verdict.

In sum, statements and reasoning from several California Supreme Court cases decided after *Lo Cicero*, *supra*, 71 Cal.2d 1186, was decided call the rationale of that decision into question. As an intermediate appellate court, however, it "is not [our] function to attempt to overrule decisions of a higher court." (*Auto Equity Sales*, *supra*, 57 Cal.2d at p. 455.) Unless and until our Supreme Court overrules *Lo Cicero*, it remains "binding upon and must be followed by all the state courts of California." (*Auto Equity Sales*, at p. 455.) We therefore must affirm the order granting Hood probation.

11

DISPOSITION

The order granting Hood probation is affirmed.


_____
                                                    IRION, J.

WE CONCUR:


_____
          NARES, Acting P. J.


_____
          McDONALD, J.