Filed 10/19/15  P. v. Maita CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ERICK NEIL MAITA,<br><br>Defendant and Appellant. | C074872<br><br>(Super. Ct. Nos. P12CRF0509,<br>P13CRF0072) |

In case No. P13CRF0072, a jury convicted defendant Erick Neil Maita of possession of a controlled substance for sale and transportation of a controlled substance.[1]  In a bifurcated proceeding, the trial court found true various enhancement allegations, including prior conviction enhancements pursuant to Health and Safety Code

---

[1]  Defendant also appeals the judgment in case No. P12CRF0509, in which he was convicted for receiving stolen property, but his contentions on appeal are limited to case No. P13CRF0072.

1

section 11370.2, subdivision (c).[2] In addition, the trial court found a special allegation true pursuant to Penal Code section 1203.073, subdivision (b)(2) [ineligibility for probation], and sentenced defendant to 14 years in prison.

Defendant now contends (1) the evidence at the preliminary hearing was insufficient to hold him to answer on the charge of transportation of a controlled substance; (2) his trial counsel was ineffective for failing to move for acquittal on the transportation charge; (3) defendant was deprived of his right to conflict-free counsel; (4) the trial court violated defendant's right to a jury trial when it found true the Penal Code section 1203.073, subdivision (b)(2) special allegation; and (5) the 2014 amendment to section 11379 should apply retroactively to defendant's 2003 conviction in a prior case, thereby precluding prior conviction enhancements in this case.

We conclude (1) there was insufficient evidence to hold defendant to answer on the charge of transportation of a controlled substance; (2) because we will reverse the transportation conviction, we need not reach defendant's alternative claim of ineffective assistance; (3) defendant's claim for deprivation of his right to conflict-free counsel fails because he did not show any conflict that adversely affected counsel's representation; (4) the trial court did not violate defendant's right to a jury trial when it found the special allegation true, because finding a defendant ineligible for probation is not an increase in sentence; and (5) defendant's retroactivity contention lacks merit because his 2003 conviction became final long before the 2014 amendment.

---

[2] Undesignated statutory references are to the Health and Safety Code.

We will reverse the conviction for transportation of a controlled substance and otherwise affirm the judgment.

BACKGROUND

On January 26, 2013, El Dorado County Sheriff's deputies conducted a probation search at the apartment that Sheila Goodwin shared with her husband, Joshua Lyannas, and their children. Before knocking on the door, Deputy Stephen Coburn heard male and female voices inside, but when he knocked it got quiet. Lyannas asked who was at the door; Deputy Coburn said it was the Sheriff's Department and ordered Lyannas to open the door, threatening to kick the door in. Lyannas asked Coburn not to break in, saying he was holding his child and would open the door after he put the child down.

Upon entering the apartment, the deputies found Lyannas, Kimberly Adams and Felicia Massey in the living room. Deputy Nicholas Cortez found Goodwin in the bedroom. When Deputy James Hubert approached the bathroom, the door was closed but he could hear the toilet flushing. Defendant came out of the bathroom. Hubert lifted the toilet seat and found a plastic Ziplock bag containing other plastic bags in the toilet. The bags respectively contained 28.5 grams, 3.97 grams, 3.98 grams, 4.03 grams, 3.98 grams, and .78 grams of methamphetamine.

The People initially filed a complaint charging defendant with possession of a controlled substance for sale (§ 11378 -- count 1). Following a preliminary hearing, the magistrate held defendant to answer on that charge. The People subsequently moved to amend the information to add a charge against defendant for transportation of a controlled substance (former § 11379 -- count 2). Defendant opposed the motion,

3

arguing there was no evidence presented at the preliminary hearing to support a transportation charge. Defendant argues the evidence at the preliminary hearing indicated the apartment had only one bedroom, and the methamphetamine was either in the bathroom or moved from the living room to the bathroom.

The trial court allowed the amended information, stating: "If you move from one place to another, no matter what the distance is, and you have illegal substances on you, you can be guilty of [former section] 11379. I tend to agree with you. It's -- it makes anybody who has possession of anything and moves one step guilty of [former section] 11379 potentially, but that's what it says. I'm not in a position to change the legislative definition of what the crime is."

The jury found defendant guilty of possession of a controlled substance for sale (§ 11378 -- count 1) and transportation of a controlled substance (former § 11379 -- count 2). In a bifurcated proceeding, the trial court found true various enhancement allegations, including prior conviction enhancements pursuant to section 11370.2, subdivision (c). In addition, the trial court found a special allegation true pursuant to Penal Code section 1203.073, subdivision (b)(2) [ineligibility for probation], and sentenced defendant to 14 years in prison.

## DISCUSSION

### I

Defendant contends the evidence at the preliminary hearing was insufficient to hold him to answer on the charge of transportation of a controlled substance. The Attorney General agrees and we do too.

4

In reviewing defendant's claim of insufficient evidence to hold him to answer, we must draw every legitimate inference from the evidence in favor of the information. (*Sea Horse Ranch, Inc. v. Superior Court* (1994) 24 Cal.App.4th 446, 454.) Furthermore, we must determine whether the evidence presented at the preliminary examination discloses circumstances from which the magistrate might have reasonably inferred the existence of each element of the charged crime. (*Williams v. Superior Court* (1969) 71 Cal.2d 1144, 1148-1149.) However, the information must be set aside if there is a total absence of evidence to support a necessary element of the crime charged. (*People v. Caffero* (1989) 207 Cal.App.3d 678, 684.)

At the time of defendant's offense, former section 11379 provided that every person who transports any controlled substance shall be punished by imprisonment. (Former § 11379, subd. (a).) In *People v. Ormiston* (2003) 105 Cal.App.4th 676 (*Ormiston*), the court ruled that transportation under former section 11379 is movement of a controlled substance from one location to another and does not apply to minimal movement within a residence or confined area. (*Ormiston* at pp. 684-685.)

Here, the evidence at the preliminary hearing indicated that Deputy Coburn heard male and female voices inside the apartment and that it got quiet when he knocked. There was some delay in opening the door. The apartment had a living room, a bedroom and a bathroom. Deputy James Hubert found the bathroom door closed and heard the toilet flushing. Defendant came out of the bathroom. Hubert found bags of methamphetamine in the toilet. Based on this evidence, it could be inferred that the

methamphetamine may have been moved from the living room or the bedroom into the bathroom, but there is no evidence that it was moved beyond the residence.

We agree with the court in *Ormiston* that the word "transports" in former section 11379 does not refer to movement within an average residence. Because there was insufficient evidence to hold defendant to answer on the transportation charge, we will reverse the conviction on count 2.

## II

Defendant next contends his trial counsel was ineffective for failing to move for acquittal on the transportation charge. Because we will reverse the transportation conviction based on defendant's first contention, we need not address this alternative claim.

## III

In addition, defendant asserts that he was deprived of his Sixth Amendment right to conflict-free counsel. Specifically, defendant contends a conflict existed because his counsel maintained a prior relationship with a witness that testified in his case.

To show a Sixth Amendment violation a defendant must show that there was a conflict of interest that affected the adequacy of counsel's representation, and absent counsel's deficiencies arising from the conflict, it is reasonably probable the results of the proceeding would have been different. (*Mickens v. Taylor* (2002) 535 U.S. 162, 164-165 [152 L.Ed.2d 291, 299-300]; *Cuyler v. Sullivan* (1980) 446 U.S. 335, 349-350 [64 L.Ed.2d 333, 347-348].) In *People v. Bonin* (1989) 47 Cal.3d 808, the California Supreme Court explained that a conflict may exist when an attorney represents a

6

defendant in a criminal matter and has previously represented another witness in that matter. (*Id*. at p. 835.)

Here, defendant did not affirmatively show that a conflict existed because of counsel's prior professional relationship with the testifying witness that affected the adequacy of counsel's representation, and that absent counsel's errors arising from the conflict, it was reasonably probable that the results would have been different. During cross-examination of his former client, defendant's attorney questioned the witness about her drug habits, the drug habits of her husband, her husband's sale of controlled substances, and her past felony charges. Counsel's examination indicates that his former professional relationship with the witness did not affect his representation of the defendant.

Defendant also contends a conflict arose because counsel's brother represented co-defendant Lyannas.

The California State Bar Rules of Professional Conduct state in relevant part that an attorney cannot represent a client in a matter in which the attorney is sibling to another party's lawyer unless the attorney informs the client in writing of the relationship. (Rules Prof. Conduct, rule 3-320.) But even if there was an ethical violation, the violation would not necessarily invalidate the judgment. In *Mickens v. Taylor, supra,* 535 U.S. 162 [152 L.Ed.2d 291], the United States Supreme Court explained that "defects in assistance that have no probable effect upon the trial's outcome do not establish a constitutional violation." (*Id*. at p. 166.)

Here, defendant has not established a violation requiring reversal. He merely makes assumptions about the adequacy of his counsel by presuming counsel's loyalties were divided between his former client, counsel's brother, his brother's client, and the defendant himself. Defendant has failed to meet his threshold burden to show that an actual conflict of interest affected the quality of counsel's representation. Accordingly, we need not address whether, in the absence of counsel's asserted deficiencies, it is reasonably probable that the results of the proceeding would have been different.

IV

Defendant further claims that the trial court violated his right to a jury trial when it found the special allegation true under Penal Code section 1203.073, subdivision (b)(2). Specifically, defendant argues that his due process rights were violated because the trial court, not the jury, found him ineligible for probation. Defendant asserts that probation ineligibility increases the penalty for his crime and thus the facts relating to the denial of probation should have been pleaded and proven beyond a reasonable doubt to the jury, not the trial court. We disagree.

Penal Code section 1203.073, subdivision (b)(2) provides that any person who is convicted of violating sections 11378 or 11379 shall not be granted probation if he or she possessed or sold for sale a substance containing 28.5 grams or more of methamphetamine or 57 grams or more of a substance containing methamphetamine. (Pen. Code, § 1203.073, subd. (b)(2).) Although we will reverse defendant's transportation conviction (former § 11379 -- count 2), the trial court's true finding based on the possession for sale conviction (§ 11378 -- count 1) remains valid.

8

In *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435], the United States Supreme Court stated that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Id*. at p. 490 [147 L.Ed.2d p. 455].) Defendant cites *People v. Lo Cicero* (1969) 71 Cal.2d 1186, in which the court stated that denying the opportunity for probation is equivalent to an increase in penalty.[3] (*Id*. at p. 1193.)

However, in *People v. Benitez* (2005) 127 Cal.App.4th 1274, the court concluded that probation is an act of clemency on the part of the trial court; thus, finding a defendant ineligible for probation is not a form of punishment. (*Id*. at p. 1278.) We agree.

Here, the trial court found the special allegation true and determined that defendant was ineligible for probation. Because denying the opportunity for probation is not an increase in sentence, the jury was not required to make findings of fact related to that determination. Defendant's contention lacks merit.

V

Defendant next argues that the 2014 amendment to section 11379, which now defines the word "transports" to mean transport for sale, should apply retroactively to defendant's 2003 conviction in a prior case, thereby precluding the prior conviction enhancements in this case based on section 11370.2, subdivision (c).

---

[3] The California Supreme Court recently granted review in *People v. Hood* (2014) 223 Cal.App.4th 1356, to determine whether *People v. Lo Cicero*, *supra*, 71 Cal.2d 1186, should be overruled.

9

In his prior 2003 case, defendant pleaded no contest to violating former section 11379 (transportation of a controlled substance). At the time of his sentencing in 2003, former section 11379 did not define "transports" to mean transports for sale. (Former § 11379, Stats. 2001, ch. 841, §7.) At that time, transportation of a controlled substance encompassed both transportation for sale and transportation for personal use. (*People v. Rogers* (1971) 5 Cal.3d 129, 135.) Defendant was convicted and sentenced in that case to three years eight months in state prison and the judgment became final.

Section 11370.2 states in relevant part that any person convicted of a violation of section 11378 (possession of a controlled substance for sale) shall receive a full, separate, and consecutive three year term for each prior felony conviction of section 11379. (§ 11370.2, subd. (c).)

The court in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) held that an amended act that imposes a lighter punishment can be applied retroactively provided that the judgment convicting the defendant of the act is not final. (*Id*. at p. 745.) *Estrada* retroactivity does not apply in this case because defendant's prior conviction became final. Accordingly, the 2014 amendment to section 11379 does not apply to his prior conviction, and his contention lacks merit.

DISPOSITION

The count 2 conviction for transportation of a controlled substance is reversed, and the matter is remanded to the trial court for resentencing. The judgment is affirmed in all other respects. Upon resentencing, the trial court shall prepare an amended abstract of

10

judgment and forward a certified copy of the amended abstract of judgment to the

Department of Corrections and Rehabilitation.


                                                    /S/
                                              Mauro, J.


We concur:


        /S/
Hull, Acting P. J.


        /S/
Robie, J.