Filed 1/12/16  P. v. Guardado CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067628 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE344353) |
| ISMAEL GUARDADO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Ronald F. Frazier, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

In May 2014, Ismael Guardado entered a guilty plea to forgery (Pen. Code,[1] § 476). Guardado was placed on felony probation.

In October 2014, Guardado was charged with first degree burglary (§§ 459, 460). It was also alleged that the crime was committed while Guardado was on felony probation (§ 1203, subd. (k)).

In December 2014, a jury convicted Guardado of the burglary charges. In February 2015, the court found the allegation pursuant to section 1203, subdivision (k) to be true. At the time of sentencing the trial court denied probation and sentenced Guardado to the middle term of four years in prison.

After his conviction for burglary, but before sentencing, Guardado's conviction for forgery was reduced to a misdemeanor under section 1170.18 (Proposition 47).

Guardado appeals contending that the postconviction reduction of his forgery offense to a misdemeanor means that he was not on felony probation at the time of the burglary offense (which predated the passage of Proposition 47). Accordingly, Guardado contends the trial court erred in denying probation based on the jury's true finding on the allegation under section 1203, subdivision (k).[2]

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] Section 1203, subdivision (k) provides: "Probation shall not be granted to, nor shall the execution of, or imposition of sentence be suspended for, any person who is convicted of a violent felony, as defined in subdivision (c) of Section 667.5, or a serious felony, as defined in subdivision (c) of Section 1192.7, and who was on probation for a felony offense at the time of the commission of the new felony offense."

2

The People contend the postconviction reduction of the forgery offense to a misdemeanor does not negate the allegation that Guardado was on felony probation at the time of the offense, and that even if there was error, the trial court made clear it would deny probation notwithstanding the section 1203, subdivision (k) true finding.

As we will discuss we agree with the People's analysis on both issues and will affirm the judgment.

The facts of the burglary offense are not relevant to any issue presented by this appeal and therefore we will omit the traditional statement of facts.

DISCUSSION

A.  Legal Principles

The decision of a trial court to grant or deny probation is reviewed under the abuse of discretion standard.  Under that standard we will only set aside a sentencing decision where the record establishes a clear abuse of discretion.  (*People v. Ramirez* (2006) 143 Cal.App.4th 1512, 1530; *People v. Carmony* (2004) 33 Cal.4th 367, 371, 374.)

In November 2014, the voters enacted Proposition 47 (§ 1170.18) which provided a mechanism for reclassifying and resentencing certain felonies as misdemeanors. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)

The question presented by this appeal is whether subsequent reduction of Guardado's forgery offense to a misdemeanor means he was not on felony probation at the time of the burglary in this case.  Section 1203, subdivision (k) has the effect of denying probation to a person who commits a serious or violent felony while on felony probation for another offense.  (*People v. Neild* (2002) 99 Cal.App.4th 1223, 1227.)  The

3

important phrase for this case is "*who was on probation for a felony offense at the time of the commission of the new felony*." It is without dispute that Guardado was in fact on probation for a felony offense at the time of the current offense. The question is whether subsequent reduction of the probation offense, serves as a collateral, retroactive attack on the true finding under section 1203, subdivision (k).

Guardado relies on *In re Acker* (1984) 158 Cal.App.3d 888 (*Acker*) to support his argument for retroactive effect of the Proposition 47 reduction. *Acker*, of course, has nothing to do with Proposition 47, enacted some 30 years later. In *Acker* the defendant was sentenced to prison, but the sentence was recalled under section 1170, subdivision (d), thus he did not complete the prison sentence. When he was convicted later of a new offense, the prosecution alleged a prison prior (§ 667.5, subd. (b)). The court ruled the prison prior was not proper, because, although Acker had been sentenced to prison, he never completed his term, hence he did not serve a completed prison term as required for such enhancement. The court in *Acker* simply considered the terms of the enhancement and found they had not been proved. There was no retroactive challenge at issue in that case.

B. Analysis

Guardado was in fact on probation for a felony at the time he committed the burglary offense, notwithstanding the subsequent passage of Proposition 47. We find nothing in the language of section 1170.18 or the ballot material which supports any intent to permit a retroactive, collateral attack such as this. The purpose of section 1203, subdivision (k) is to deal with people who are on probation for a felony offense when

4

they commit a new serious or violent felony.  Guardado falls squarely within the purpose of that section.  It seems clear that the section is focused on the status of the defendant at the time of the commission of the new serious or violent felony.  Although Guardado's status changed several months after he committed the new felony that does not alter the reality that Guardado came squarely within the meaning of section 1203, subdivision (k) at the time he committed the new offense.

While we are satisfied Proposition 47 does not afford Guardado any relief in this case, it is apparent that the trial judge determined he would not grant probation for reasons independent of section 1203, subdivision (k).  The court said:

> "[I]nclude but are not limited to the defendant inflicted emotional injury on four victims who occupied the home.  All four reported being sad, scared, stressed and angry following the burglary.  The defendant has a prior felony conviction and one prior misdemeanor conviction for forgery and a drug-related offense.
>
> "The defendant's prior performance on probation was unsatisfactory.  He repeatedly absconded from probation supervision, failed to remain law abiding and used illegal drugs.
>
> "While the court has made a true finding as to Penal Code section 1203(k), the court makes alternative findings in denying probation, based not only on independent factors just stated above.  The court's denial of probation is also based on the true finding of 1203(k)."

As we have noted, trial courts have broad discretion to grant or deny probation. (*People v. Stuart* (2007) 156 Cal.App.4th 165, 178-179.)  The defendant challenging the court's discretionary sentencing choice has a heavy burden to show abuse of discretion. (*People v. Mehserle* (2012) 206 Cal.App.4th 1125, 1157.)

5

In the present case, the trial court was aware of Guardado's position that the Proposition 47 reduction of the forgery offense negated the application of section 1203, subdivision (k). The court's remarks cite separate, valid reasons to deny probation. On this record there is no likelihood that a different result would have occurred even if Proposition 47 negated the application of section 1203, subdivision (k) in this case.

DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


McDONALD, J.


IRION, J.

6